67 So.2d 822

**SNOW v. STATE.**

**1 Div. 507.**

Supreme Court of Alabama.

Oct. 29, 1953.

Abercrombie & Fernambucq, Birmingham, for appellant.

580

Si Garrett, Atty. Gen., H. Grady Tiller and Wm. H. Burton, Asst. Attys. Gen., for the State.

PER CURIAM.

The following statement contained in appellee's brief fairly shows the legal status and facts set forth in the record for present purposes:

"This cause originated as an appeal which was taken by the appellant under Title 51, section 140, Code of Alabama 1940, from a final assessment of tobacco tax which the appellee made against the appellant on May 16, 1951, as to six cartons of assorted cigarettes, or sixty packages of cigarettes, which were found unstamped and without the tax being paid thereon in possession of the appellant on April 7, 1951. Said assessment was made in the amount of $1.80 and $25.00 penalty and in the total amount of $26.80.

"The Circuit Court of Mobile County, Alabama, sitting in equity, to which said cause was appealed under section 140, supra, on April 15, 1952, entered a judgment in said cause in favor of the appellee, State of Alabama, in which it affirmed the assessment made as aforesaid by the State Department of Revenue, and it is from said judgment and decree that the appellant, O. E. Snow, has appealed to this Court.

"The facts of this case disclose that the appellant, O. E. Snow, was found by Mr. E. S. Peck, as agent of the State of Alabama, to have in his possession on, to wit, April 7, 1951 sixty packages of assorted cigarettes, namely five cartons of Phillip Morris cigarettes and one carton of Pall Mail cigarettes, on which the Alabama Tobacco Tax of three cents per package had admittedly not been paid and which did not have the Alabama Tobacco Tax stamps affixed thereto as required by law. Under the circumstances, the cigarettes were confiscated at such time by Mr. Peck, and after a hearing was duly given the appellant, the State Department of Revenue made a final assessment of tobacco tax against him in the amount of $1.80 tax and $25.00 penalty under the provisions of Title 51, section 732, Code of Alabama 1940.

"A signed statement was procured by Mr. Peck from the appellant at the time that said cigarettes were confiscated on April 7, 1951, which statement has been introduced into evidence as appellee's exhibit 'B' and is referred to on page 24 of the record. The appellant's written statement in this respect shows that the cigarettes confiscated on said occasion were alleged by the appellant to belong to him, and he admitted therein that all of the packages of cigarettes were unstamped and no Alabama State tax had been paid thereon. The statement further shows that there was admittedly five cartons, or fifty packages, of Phillip Morris ciga-

rettes and one carton, or ten packages, of Pall Mall cigarettes, and that all of said cigarettes had been purchased by the appellant from Cooperative Buying Service, Murphy, North Carolina, and shipped to the appellant from Murphy, North Carolina, and that said cigarettes were shipped on April 4, 1951. Mr. Peck also testified that the wrapping or cover in which the cigarettes were purported to have been shipped had been removed when he found the cigarettes in appellant's possession. What the appellant was intending to do with the cigarettes, that is, whether he was going to sell them or just what he was going to do with them was never stated by the appellant. Therefore, from what the evidence shows, it was not clear whether the appellant was going to sell the cigarettes or not, as he never did say. The appellant testified that he had just received the cigarettes by mail from Cooperative Buying Service of Murphy, North Carolina, the morning that Mr. Peck confiscated them. However, Mr. Peck testified that he did not see the postman deliver the cigarettes to the appellant's house on the morning of April 7, 1951, nor could he determine just how long said six cartons of cigarettes had been in the appellant's possession."

The statute which appellee claims justified the assessment, including the penalty of $25, is section 718(9) of Title 51 and section 732, Title 51, Code. Appellant claims that section 745 applies to the situation and not 718 and 732. A sales tax on tobacco products is contained in subdivision 1 of Article 9, sections 718 to 743. A use tax on tobacco products is contained in subdivision 2, sections 744 to 751. The State claims that the sales tax statute applies and appellant claims that the use tax statute is applicable.

If the use tax applies, the assessment was improperly made for reasons which we will undertake to explain. In doing so certain features of both statutes should be here stated. Section 718 as amended by the Act of August 12, 1947, General Acts 1947, page 143, levies a license or privilege tax on ev-

ery person who sells or stores or receives for the purpose of distribution within the State, measured by and according to the volume of such sales, (8) on cigarettes of small defined size, one and one-half mills on each cigarette.

Section 719, as amended by the Act of July 27, 1951, General Acts 1951, page 590, provides that the license tax shall be paid by affixing stamps in the manner and at the time therein set forth.

Section 732 provides that persons failing to affix the required stamps shall be required to pay as a part of the tax imposed a penalty of not less than $25 nor more than $500, to be assessed and collected by the department of revenue.

The State claims that section 718, supra, applies to the storage of cigarettes whether for distribution or not. But that if it be held that section 718 applies to storage for distribution only, it should be held on this appeal that there was no error in levying the tax and penalty because appellant did not sustain the burden upon him to show that the assessment was erroneous. That burden was cast not only by section 140, Title 51, under which the appeal was taken, but also by section 742, Title 51, as amended by the Act of July 6, 1945, General Acts 1945, page 593, see Pocket Part Code. That Act in terms applies to all articles taxed under Article 9, Chapter 20, Title 51, Code. That amendment makes it unlawful for any person to sell, purchase, transport, receive or possess any article taxed under the provisions of Article 9, Chapter 20, Title 51, unless the same has been stamped in the manner required by said article. And further that if any person not a regularly licensed dealer shall have in his possession within the State more than thirty packages of unstamped cigarettes, such possession shall be presumed to be for the purpose of evading the payment of the taxes due thereon.

The State contends in this case that since appellant had in his possession within the State sixty unstamped packages of cigarettes, his possession is presumed to be for the purpose of evading the payment of the taxes due thereon; and that such presumption means to put on him the burden of

showing that they were not for distribution. That is the true logic of the situation.

That legal status ties in with the use tax provisions of the law. Section 745 of Title 51 imposes an excise tax on the storage or other consumption in this State of tobacco products purchased at retail in an amount equal to that set out in section 718, supra. That tax by section 746 is payable on return made to the department of revenue on or before the 10th day of each month for the preceding month. And by section 747, if such return is not made or an incorrect return is made the department of revenue shall make an assessment from the best information available. No penalty is provided for not making a return or an incorrect one.

The assessment here in question cannot stand upon those statutes. Appellant had until the 10th of the next month to make return for taxation on cigarettes purchased at retail for storage or other consumption. So that the liability of appellant to be subject to the tax here involved depends upon whether section 718(9) supra has application.

The opinion here prevails that when that statute imposes a license or privilege tax on a person who "sells or stores or receives for the purpose of distribution", it means as to the storage as well as to the receipt of the cigarettes, that it must be for distribution, such as a sale, and be controlled by the sales tax statute and not the use tax statute. The use tax statute imposes such tax on storage only for purposes other than distribution, such as personal use. That tax does not require a stamp on the packages and it is not payable as the sales tax is by means of the purchase of such stamp. No return for the sales tax is necessary as with the use tax. So that the question here is one of fact as to whether the storage was for distribution or for consumption. It was found by the revenue department that appellant had in his possession cigarettes for distribution. The department of revenue could not have made the assessment without so finding. This was also the opinion of the court on appeal.

The Act of July 6, 1945, supra, makes the presumption prima facie evidence that ap-

pellant had possession of the cigarettes for the purpose of evading payment of the taxes since he had more than thirty unstamped packages. That could only apply to the sales tax as being evaded because he could not then be evading the use tax which was not delinquent until the 10th of the next month. The law in effect says that possession of more than thirty unstamped packages of cigarettes shows prima facie a purpose not to use them but to sell them.

True that is not conclusive. And while he could not testify what his purpose was in so possessing sixty unstamped packages of cigarettes, he could show by the circumstances that he intended no other use than to keep them for his own consumption. The circumstances are consistent with the theory that he had the cigarettes for distribution, and not sufficient to set aside a finding by the court that he did not overcome the presumption. Under those circumstances this Court should sustain such finding. If he had the cigarettes for distribution the assessment was proper.

It is insisted that the Act of 1945, supra, violates section 45 of the Constitution. Its title is to amend section 742, Article 9, Chapter 20, Title 51, Code of Alabama 1940. The contention is that it is not germane to section 742 as it appears in the specified article. We cannot so agree. True section 742 fixes the elements of a misdemeanor, and so does section 1 of the amendatory act which merely changes in some respects those elements. Section 2 of the Act provides that certain circumstances create a presumption of a purpose to evade payment of the tax which is made a criminal offense by section 742 as amended by section 1 of the Act. That presumption is not limited to the criminal charge set up, but its applicability to any pertinent situation should not be cause to strike it down as violative of section 45, supra. This should not be done except in extreme situations, and all reasonable doubts are resolved in support of the Act. Gray v. Johnson, 235 Ala. 405, 179 So. 221.

It results that the judgment of the circuit court affirming the assessment should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under the authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and CLAYTON, JJ., concur.