71 So.2d 278

## MORGAN COUNTY v. HART et al.

### 8 Div. 634.

Supreme Court of Alabama.

March 11, 1954.

Julian Harris, Norman W. Harris, Decatur, for appellant.

Sherman B. Powell, Decatur, for appellees.

LIVINGSTON, Chief Justice.

Morgan County, a municipal corporation, filed its petition in the probate court of said county to condemn certain described lands for use as a public road. Commissioners were appointed and made an assessment of damages in the amount of $6,000. The probate court confirmed the return of the commissioners and ordered the lands condemned. Morgan County appealed to the circuit court. The cause was there tried de novo, the sole issue of the trial being the amount of compensation or damages to be awarded the landowners.

The jury of the latter court found the appellees had sustained damages in the amount of only $3,000. Judgment was entered by the circuit court in accordance with the verdict.

Appellees duly filed a motion for a new trial. Two of the grounds therein assigned were that the verdict was contrary to the evidence, and that the overwhelming weight of the evidence was contrary to said verdict. The motion for new trial was granted. The appellant reserved an exception and brings the case here by appeal, assigning as error the trial court's action in granting the motion for new trial.

 Where the trial court's ruling in granting a new trial is based upon no specific ground, the ruling must be sustained on appeal if any good ground is presented. Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852; W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231. No specific ground was designated by the trial court as the basis of his ruling in this instance.

If no other ground is well taken, this court must consider whether the lower court's ruling can be sustained on the ground that the verdict is contrary to the evidence. W. M. Templeton & Son v. David, supra.

In considering this ground of the motion, the rule stated in Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740, was:

"And decisions granting new trials will not be reversed, *unless the evidence plainly and palpably supports the verdict*." (Emphasis added.)

The rule, still controlling in the law of Alabama, means that "'the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled.'" Lindsay Products Corp. v. Alabama Securities Corp., supra [247 Ala. 662, 25 So.2d 853]; W. M. Templeton & Son et al. v. David, supra.

In this case, we must consider the ruling of the trial court as if it had been based upon the ground that the verdict was contrary to the evidence.

Having carefully considered the evidence, we find ourselves unable to say that it "plainly and palpably supports the verdict" of the jury.

The cause is due to be, and is hereby, affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.