200 So.2d 465

**O. W. IRWIN, Sr.**

v.

**STATE of Alabama.**

**6 Div. 377.**

Supreme Court of Alabama.

June 1, 1967.

Cato & Hicks, Birmingham, for appellant.

Thos. Coleman, Sp. Asst. Atty. Gen., for appellee.

MERRILL, Justice.

This appeal is by the landowner in a condemnation proceeding for highway purposes. The award in probate court was $27,000. The State appealed to circuit court where a jury awarded $16,700. The owner's motion for a new trial was overruled and he appeals.

The property condemned was on a lot containing 3,500 square feet with a one-story building on it containing 2,500 square feet, a parking lot of 400 square feet and a paved alley in the rear, located at 2521 3rd Avenue North in Birmingham and zoned for light industrial use.

Appellant argues that the trial court should have awarded a new trial because the verdict of the jury and the judg-

ment thereon were inadequate. The only two cases cited in support of this argument are Alabama Power Company v. Bell, 274 Ala. 590, 150 So.2d 754, and Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278. But they are not apt authority.

In each of the cited cases, the jury verdict was lower than the award of the commissioners in probate court, but in each of those cases, the *trial* court granted the motion for a new trial, and since this court could not say that such action was plainly wrong, we affirmed. In the last cited case, we reaffirmed that the same presumption must be indulged in favor of the granting of the motion for a new trial by the trial court that would be indulged had the motion been overruled.

■ The trial court will not be reversed for refusing to disturb the verdict unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence is so decided as to clearly convince this court that it is wrong and unjust. Dorroh v. Jefferson County, 264 Ala. 335, 87 So.2d 619, and cases there cited.

■ Here, the motion for a new trial was overruled, thereby strengthening the verdict, and the amount of the judgment was within the limits testified to by expert witnesses. We cannot say that the trial court erred in failing to grant the motion for a new trial on the ground that the verdict and judgment were inadequate.

■ Appellant assigns as error the overruling of appellant's challenge of Juror No. 104 for cause. The basis of the challenge was that he had served as a "fee appraiser" for the State of Alabama prior to December, 1965. At the time of the trial, he had no employment but was available for employment.

We have been cited to no case holding that because a prospective juror had formerly been employed by his State, he would be subject to challenge for cause as a juror. The trial court did not err in overruling the challenge for cause. (We were told on oral argument that Juror No. 104 was not a member of the jury that rendered the verdict in this case.)

Assignments of error 7, 8 and 9 read:

"7. For that the court erred in sustaining the objection of the Appellee to the following question: 'Now in regard to the Red Mountain Express Way in acquiring the right-of-way for the Express Way, had you had occasion to come into contact with the owners of the property adjacent to the property being taken. Have you had contact with the Federal Government?'

"8. For that the Court erred in not permitting the Appellant to show the proximity of the new Federal Post Office to the subject property.

"9. For that the Court erred in not permitting the Appellant to show that the subject property had been oppressed partly on the part of the State and partly on the part of the Federal Government."

■ The question in assignment 7 is a double one and at the stage of the trial it was asked, the part—"Have you had contact with the Federal Government?" could not shed any light on the sole issue of the case—the amount of compensation for the property taken.

Error must be made to appear, and appellant cannot now be heard to complain that he was prejudiced by the ruling of the trial court in sustaining an objection to a question, the answer to which cannot shed any possible light on the issue involved in the case. Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402. The last part of the question had no apparent relevancy at that time with compensation for the condemned land.

■■ Pages 33 and 34 of the transcript show that W. C. Mason, a civil engineer employed by the State Highway Department and "presently securing the right of way

for the Red Mountain Expressway," was being cross-examined by appellant. When he was asked about a proposed post office building the trial court sustained the objection, and when appellant offered to "connect it up" the court said, "Well, do you mean that it will have a bearing on the value? Suppose we omit that for the present and let the witnesses come in and testify as to the value only. We will have to call him back on that at a later time." On further cross-examination, the witness testified that he had nothing to do with the determination of the price offered for the property and nothing to do with the appraisal of the property. His only function as a witness was to describe the location of the tract taken, its metes and bounds and identify it from sketches and pictures. He did not profess to know about values or to assess a valuation on any tract.

It is obvious that the court correctly sustained questions pertaining to value to this witness at the time they were propounded. The court's offer to allow the recall of this witness later for cross examination by appellant, if the matter was connected up, removed any possible claim of prejudicial error.

Moreover, appellant's first witness, J. J. F. Steiner, an expert in real estate and appraisals in Birmingham, testified at length about depressed values in the neighborhood and he was permitted to testify that in his professional opinion, the possibility of the location of the post office on the expressway in the area had depressed the market value of the subject property.

■ An error in excluding evidence as to a certain fact is harmless where the fact is established by other evidence, Stewart v. Weaver, 264 Ala. 286, 87 So.2d 548. If it be assumed that the trial court erred in not permitting the witness Mason to testify as to the proposed post office building, the testimony came in fully from the expert witness Steiner.

Assignment of error 13 reads:

"For that the Court erred in overruling the objection of the defendant's attorney and permitting Mr. Tilman, the appraiser, to testify as follows: that he talked with the purchasers and they told him the actual sales price of the mission was $50,000.00."

The mission property was a lot with a two-story building on it, less than two blocks from the subject property, which had sold in 1959. On cross-examination, the witness was asked by appellant what value he had placed on the mission property and he stated $50,000. He was asked if he knew the deed stated a consideration of $68,500 and carried $77.00 worth of deed stamps. He answered that he did but that he did not take the deed consideration as true and always checked with the parties to the deed when possible and that he checked with the parties to all the sales he had checked in this appraisal.

Then on redirect examination, pages 78 and 79 of the transcript, the following appears:

"Q (BY MR. COLEMAN:) Go ahead. When you checked on the sales price because the deed showed $68,500, did he indicate the true consideration of value?

"MR. CATO: We object as to what he indicated to.

"THE COURT: What indicated? Did he use some system? How was it made?

"A He told me that the actual sales price of the Mission was $50,000.

"Q (BY MR. COLEMAN:) And that is the price that you considered in regard to the sales deed?

"A That is right."

■ There was only one objection and it was based upon what the owner of the Mission property "indicated." The answer which is the subject of the assignment

of error was in response to a question asked by the trial court and there was neither objection to the question nor motion to exclude the answer. Even if the only objection made could be extended to the answer, it would avail appellant nothing. Circuit Court Rule 33, Tit. 7, Appendix, provides that "the appellate court in revising such decision, must consider only the grounds of objection which are shown to have been clearly specified." The ground specified at the time was as to what the owner indicated; the ground argued in brief is that it was hearsay evidence.

This court, in reviewing rulings on evidence, will consider only the grounds of objection which were assigned to the trial court. Marigold Coal, Inc. v. Thames, 274 Ala. 421, 149 So.2d 276. Since the appellant did not specify the ground that the question called for hearsay, he waives that ground of objection. Having waived it on the trial, he cannot now raise the objection that the evidence was hearsay, and, under Circuit Court Rule 33, we are forbidden to consider that ground. Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641.

Appellant's final assignments charge that the trial court erred in overruling his objections to Mr. Coleman's acts and statements in final argument when he said, "Now, if you want to take the public's funds and throw them around like that—," at which time he threw his wallet on the floor in front of the jury box; and later he said, "When I get to thinking about how some people would divert these public funds, it makes my blood boil."

We cannot say that these statements constitute an appeal to the self-interest of the jurors as taxpayers and are of such a prejudicial nature as to constitute a reversal as were the remarks made in Williams v. City of Anniston, 257 Ala. 191, 58 So.2d 115. We are not persuaded that the trial court erred in overruling the objections to the two statements.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.