This is an appeal by the State from a judgment granting appellee's motion for a new trial. The case arose as follows:
The State filed its petition for condemnation of certain lands owned by the appellees in the Probate Court of Baldwin County. The probate court granted the petition and appointed commissioners to appraise the condemned property. The commissioners filed their report and the probate court awarded damages in the amount of $27,953.00.
Upon appeal to the circuit court, the only issue presented to the jury was the amount of compensation and damages due appellees. The jury returned a verdict of $19,400.00. After a judgment was entered *Page 796 
on the verdict, appellees filed a motion for new trial which listed eight grounds. The circuit court set aside the judgment and verdict and granted a new trial after a hearing on the motion.
The sole question presented on this appeal is whether the trial court erred in granting the motion for new trial.
 "It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error." Taylor v. Brownell-O'Hear Pontiac Co., 265 Ala. 468, 470, 91 So.2d 828, 829-30 (1956) (citations omitted); Whitman v. Housing Authority of City of Elba, 272 Ala. 245, 130 So.2d 362 (1961); State v. Edmundson, 282 Ala. 293, 210 So.2d 926 (1968).
As mentioned above, there were eight grounds stated in the motion for new trial. There is no way for this court to tell from the record upon which ground or grounds the motion was granted. Therefore, the ruling must be sustained if any good ground is presented. Morgan County v. Hart, 260 Ala. 418,71 So.2d 278 (1954).
The fourth ground in appellee's motion for a new trial was that the court erred in granting the State's motion to exclude one of appellees' testimony concerning damage to the entire tract of property involved in this proceeding. We think the court did err in excluding this testimony. A landowner may properly testify as to the value of an entire tract of land before the taking and the value of the remainder after the taking. State v. Barnhill, 280 Ala. 574, 196 So.2d 691 (1967);Shelby County v. Baker, 269 Ala. 111, 124, 110 So.2d 896
(1959); Roberson v. McCarley, 259 Ala. 582, 67 So.2d 814
(1953).
Appellant does not even make an argument that it was proper to exclude this testimony but merely argues that if it was error, it was harmless error. We are unable to conclude that this error was harmless error and we think the trial court was in the best position to make that determination.
Having carefully considered all the evidence, we find ourselves unable to say that the trial court was "plainly and palpably" in error. Hence, the judgment is hereby affirmed.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.