WRIGHT, Presiding Judge.
This is an appeal by the State from a judgment granting appellees’ motion for a new trial. We affirm.
The State filed its petition in the Probate Court of Lawrence County to condemn two parcels of land owned by the appellees for use in new construction on a public road. The probate court granted the petition and appointed commissioners who assessed damages in the amount of $133,000. The probate court confirmed the award of the commissioners and ordered the property condemned. The State appealed to the circuit court.
 In that court the cause was tried de novo and submitted to the jury for separate verdicts as to the two parcels. The jury found that appellees had sustained damages in the amount of $1,815 as to parcel number one and $78,248 as to parcel number two. Appellees filed a motion for a new trial stating as grounds, among others, that the verdict was contrary to the great preponderance of the evidence. The trial court granted the motion as to parcel one but did not base its ruling on any specific ground. Therefore, if any good ground was presented by the motion for new trial the order is due to be affirmed. State v. Hastie, 333 So.2d 795 (Ala.1976); Commercial Standard Insurance Co. v. Berger Investment Co., 264 Ala. 208, 86 So.2d 282 (1956); Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278 (1954). Where one of the grounds of a motion for new trial is that the verdict is contrary to the evidence, the action of the trial court in granting the motion, without specifying the ground upon which it was granted, will not be disturbed on appeal unless the evidence plainly and palpably supports the verdict. Commercial Standard Insurance Co. v. Berger Investment Co., supra; Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738 (1890).
The record shows that the damage to parcel one is not because of a taking but because of a fencing off from access to the highway. There is testimony that resultant damage ranged from $1,710 to $10,000. The verdict of the jury was near the low figure but within the range. There being evidence to support the amount of the verdict, we would have sustained the trial court had it denied a motion for new trial by plaintiff presented only on the ground of an insufficiency of the award. We would have sustained because of the presumption of the correctness of the exercise of the discretion of the trial court. The same presumption of correctness accompanies the granting as well as a denial of a new trial. Commercial Standard Insurance Co. v. Berger Investment Co., supra. However, in reviewing the granting of the motion, we look not to the mere presence of evidence to support the verdict but we look to determine whether the evidence so strongly and preponderantly supports the verdict as to indicate that consideration by another jury should reasonably be expected to result in a similar verdict. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738 (1890). Our careful review of the evidence here does not convince us that the verdict is so “plainly and palpably” supported as to overcome the presumption that the trial judge, who saw and heard the witnesses, correctly determined there should be a new trial.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.