This is an unemployment compensation case. The appeals referee's grant of full benefits was affirmed by the Board of Appeals. Pursuant to § 25-4-95, Code (1975), the employer appealed to the Circuit Court of Walker County. From the trial court's order granting full benefits to claimant, the employer appeals to this court.
The record shows that a stipulation was entered, that the claimant was covered for benefits and was available for work during the period of his claim. The trial court proceeded on the sole issue of whether claimant voluntarily left his employment without good cause. The evidence was conflicting. The employer asserted that claimant left his employ to work as an insurance agent. Claimant testified that he left because of a cutback in his hours. At the close of the evidence the following exchange took place:
 COURT: Well, I'm sorry, gentlemen, I am not convinced of anything. So somebody wins and somebody loses, I guess. I don't know why he quit. Now, who has the burden?
 MR. VAUGHN: The burden of proof is upon the appellant.
COURT: O.K., they lose then.
The court subsequently entered an order granting claimant full benefits.
The issue on appeal is whether the trial court erred to reversal in placing the burden upon the employer to prove that claimant was disqualified from benefits for voluntarily leaving his work without good cause.
Claimant contends that as he won a favorable decision before the Board of Appeals, the employer, as "appellant," has the burden in the circuit court to prove that the claimant is disqualified. Although the employer brought the action to the circuit court by way of "appeal," the applicable statute explicitly provides for a trial de novo. Section 25-4-95, Code (1975) provides in pertinent part:
 Within 10 days after the decision of the board of appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court. . . . Trial in the circuit court shall be de novo.
As appeal is to a trial de novo, there is not a review on appeal, but in fact, another trial. Department of IndustrialRelations v. Jaco, 337 So.2d 374 (Ala.Civ.App. 1976). In the instant case the employer's appeal for a trial de novo to the circuit court vacated the decision of the Department's Board of Appeals. In its review, the circuit court does not affirm or reverse the decision of the Board, but instead renders a new, distinct and independent judgment as may be required by the merits shown on the trial. State Department of IndustrialRelations v. Page, 362 So.2d 263 (Ala.Civ.App. 1978). The employer's status as "appellant" before the circuit court, therefore, does not shift the burden of proof.
A claimant has the burden of proof to establish his eligibility for unemployment compensation benefits. State, *Page 977 Department of Industrial Relations v. Thompson, 359 So.2d 1158
(Ala.Civ.App. 1978). The claimant assumes the risk of non-persuasion. State, Department of Industrial Relations v.Downey, 380 So.2d 906 (Ala.Civ.App. 1980). Where, as here, it is undisputed that claimant voluntarily terminated his employment, he bears the burden of proving that the termination was for good cause connected with his work. Davis v. Hoggle,392 So.2d 1190 (Ala.Civ.App. 1980), cert. denied,392 So.2d 1194 (Ala. 1981).
Claimant argues that the appeal to this court is from the trial court's final order of October 1, 1981. Such order contained no reference to the burden of proof, but merely stated that claimant is entitled to full benefits. It is well settled that when an unemployment compensation case is heard orally before the court sitting without a jury, the court's findings are presumed correct. Payne v. Director of Departmentof Industrial Relations, 405 So.2d 1322 (Ala.Civ.App.), cert.denied, 405 So.2d 1324 (Ala. 1981).
In this case, however, the trial judge stated in the record at the end of testimony that he was "not convinced of anything." He then proceeded to toss a mental coin to determine a winner. The side labeled "appellant" was declared the loser because "appellant" was thought by the court to bear the burden of proof. That thought was erroneous. That error was the stated basis of the court's judgment. Therefore the judgment cannot stand. If claimant has not carried the burden of establishing his qualification for compensation to the satisfaction of the court, judgment must be against him and not his employer.
We therefore reverse and remand this cause to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.