This is an unemployment compensation case.
Willie J. Cargill and Adolphus Adams applied for unemployment compensation after being discharged by the Montgomery Housing Authority. The claimants were found eligible to receive benefits at each administrative level and at each level the employer appealed. The board of appeals found Cargill and Adams to be disqualified only from receiving unemployment compensation for the first few weeks of their unemployment.
Each time the employer appealed the administrative rulings the claimants received notice of the appeal and were advised that during the pendency of the appeal they had two choices concerning receipt of unemployment compensation. Cargill and Adams could elect to: (1) continue receiving unemployment compensation benefits subject to repayment if their claims were denied on appeal; or, (2) have payments cease until after a final administrative determination, at which time if the decision was favorable, they would receive a lump-sum payment. Both claimants elected to receive unemployment compensation during the appeal process. As a result of their elections, Adams received $3,510 in benefits and Cargill received $3,060 in benefits.
The employer appealed the board of appeals' decisions to the Montgomery County Circuit Court by filing a complaint and notice of appeal. The proceedings were consolidated with other employer appeals. The trial court, in a trial de novo, found claimants to be totally disqualified from receipt of unemployment compensation arising out of their dismissal by the Montgomery Housing Authority. Claimants appealed to this court and we affirmed the circuit court's decision in Henley v.Housing Authority of Montgomery, 403 So.2d 265 (Ala.Civ.App. 1981).
The Department of Industrial Relations brought actions in the District Court of Montgomery County to collect the overpayments of unemployment compensation benefits paid to Adams and Cargill. Both defendants *Page 64 
pleaded that the doctrine of res judicata barred the plaintiff's claims. The court rejected this defense and entered judgments for the plaintiff in the full amount claimed. Defendants' motion to reconsider was denied; however, the court, pursuant to section 12-12-72, Code 1975, certified the res judicata question and appeal was brought directly to this court.
The question certified for our review is "whether the plaintiff's claim against defendant for recovery of an overpayment of unemployment compensation benefits is barred by the doctrine of res judicata because plaintiff failed to raise the issue in the Circuit Court proceeding in which defendant was found to be ineligible for such benefits."
The four requisite elements for res judicata to bar a subsequent action are: "(1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits." Wheeler v.First Alabama Bank, 364 So.2d 1190 (Ala. 1978). The presence of these elements will cause the former judgment to be an absolute bar to any subsequent suit on the same cause of action, including a suit on an issue that could have been litigated in the prior proceeding. McGruder v. B L Construction Co.,331 So.2d 257 (Ala. 1976). This is the thrust of defendants' argument, i.e., that the overpayment issue could have been determined at the circuit court proceeding. They contend that the four elements are present and, therefore, the circuit court judgment bars the plaintiff's attempt to recover.
The Department of Industrial Relations in brief did not take issue with whether the elements of res judicata are evident in this case. The department argues instead that the doctrine of res judicata is inapplicable because of the statutory authority to collect overpayment of unemployment compensation benefits conferred by the Code of Alabama.
The code section that the department relies on to recoup unemployment compensation benefits is section 25-4-145 (a)(4), Code 1975, which provides:
 "Any person who, by reason of nondisclosure or misrepresentation by him or by another of a material fact (irrespective of whether such nondisclosure was known or fraudulent), has received any sum as benefits under this chapter while any conditions for the receipt of benefits imposed by this chapter were not fulfilled in his case, or while he was disqualified from receiving benefits, shall be required to repay such sum in cash or by offset against future benefits payable or a combination of both. Such person shall be promptly notified of the determination and the reasons therefor. Unless such person, within 15 calendar days immediately following the date such notification was mailed to his last known address, files an appeal from such determination, such determination shall be final.
 "If the indebtedness is not paid by such person within 30 calendar days after the determination has become final, the director shall proceed to effect collection of the overpayment and shall have available to him all the civil actions to collect as he has been given by the provisions of subsection (b) of section 25-4-134 applying to the collection of contributions."
The department argues that under the terms of this statute, the overpayment issue cannot be raised in the same trial with the issue of eligibility. According to the department, before the recoupment issue can be tried, the notice provisions of section 25-4-145 (a)(4) must have been fulfilled.
The procedure provided by this code section requires, first, that the claimant be notified of the final determination of eligibility. If no appeal is filed within fifteen days of the mailing of such notification, the determination is final. The claimant has thirty days from the final determination to pay his indebtedness. The department argues that the director can bring an action to collect overpayments only after the thirty day period for voluntary repayment has *Page 65 
passed. It would have been premature for the circuit court in the trial of the eligibility issue to order repayment of compensation benefits.
The statutory scheme for the recovery of unemployment compensation overpayments, as provided in section 25-4-145
(a)(4), Code 1975, does not apply to this case. By the express language of the statute, the statute applies only to a claimant who received benefits by misrepresentation or nondisclosure of a material fact. The defendants in this case made no such misrepresentation or nondisclosure. See Henley v. HousingAuthority of Montgomery, supra.
Although section 25-4-145 (a)(4) is inapplicable to this case, the Department of Industrial Relations can collect the overpayment of compensation benefits. Section 25-4-91 (e), Code 1975, provides in pertinent part:
 "If an appeal is duly filed, any disputed benefits which may have been paid at any time prior to the final decision, which would not have been payable under the terms of the final decision, shall be determined to be an overpayment and the claimant shall be required to repay to the fund any such benefits." (Emphasis added.)
The statute creates a legal obligation on the claimants to repay any benefits received by them during the period of their ineligibility. This obligation springs forth by operation of law when a "final decision" as to eligibility is reached. "Final decision," although not defined in the Unemployment Compensation Act, is deemed to be a decision from which an appeal will lie to an appellate court. 16A Words and Phrases "Final Decision" (1959). Therefore, when the final decision as to ineligibility was reached by the Montgomery County Circuit Court, by operation of law, the entire amount of benefits paid to claimants during their period of ineligibility was due to be paid to the department.
Once the circuit court reached its decision, finding the claimants ineligible to receive benefits, no further action by the department was necessary to establish the debt owed to it. Both parties should have been aware of the amount owed by the claimants. The department had records showing the amount they paid the claimants and claimants certainly should have known the amount they received as benefits.
Section 25-4-91 (e), Code 1975, does not provide a procedure for the collection of the overpayment; consequently, the department is relegated to any one of the methods authorized by law to collect the amount owed by claimants as the result of the overpayment of benefits. The department, by instituting the action in the district court, was attempting to collect the amount owed it by claimants as a result of the overpayment. Hence such "action" was not barred by the doctrine of res judicata and the district court decision was lawfully proper. Its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.