EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an unemployment compensation case.
Mr. Donaldson (the claimant) promptly applied for unemployment compensation benefits when his employment ceased with Enterprise State Junior College (the employer). A claims examiner for the Department of Industrial Relations (the department) determined on June 6, 1979, that the claimant was entitled to receive compensation. The employer was not mailed a copy of or notice of that determination until June 18, 1979. On June 19, 1979, the employer wrote to the benefits supervisor of the department that the claimant was self-employed. That letter was construed by the department to be an appeal from the determination of the claims examiner to an appeals referee. On October 7, 1979, after a prior hearing, the referee determined that the claimant was disqualified from receiving benefits in that he was then self-employed and had been since he filed his claim. *1303 Notice was provided at the bottom of the referee’s decision as follows: “THIS DECISION MAILED October 9, 1979 BECOMES FINAL UNLESS AN APPEAL IS RECEIVED AT THE LOCAL CLAIMS OFFICE OR AGENCY ADDRESS ABOVE BY October 24, 1979.” The claimant’s attorney gave notice of appeal by a letter dated October 29, 1979, which was received by the department on October 30, 1979. The Board of Appeals (the board) affirmed the decision of the referee on January 18, 1980, and the parties were given notice of the board’s opinion on the same date. No appeal to the circuit court was ever taken by anyone from the January 18,1980 determination of the board.
On June 26, 1980, the department sued the claimant to recoup the $1,440 which was paid to the claimant for unemployment benefits during the period while he was not entitled thereto because of his self-employment. The circuit court rendered judgment in favor of the department and against the claimant for the amount sued for. The claimant appeals. We affirm.
As his first issue, the claimant contends that the employer’s letter of June 19, 1979 was insufficient to constitute an appeal. The statute states that unless a party shall “within 15 calendar days after such notice was mailed to his last known address, file an appeal from such decision, such decision shall be deemed final.” § 25-4-91(e)(1), Code 1975 (Suppl.1983). Particularity in pleading is not required as to such appeals. This is just and fair because laymen, both employers and claimants, ordinarily represent themselves [at this stage in unemployment compensation proceedings]. It has been held that, in case of an appeal to the circuit court from a determination by the board, “[A]ll that need be stated is that the decision of the Board is incorrect under the facts or the law.” Department of Industrial Relations v. Jaco, 337 So.2d 374 (Ala.Civ.App.1976). That was true even though the statute for such appeals to the circuit court provides that the notice of appeal shall state the grounds upon which a review is sought. § 25-4-95, Code 1975. In the present controversy, the provisions of § 25-4-91(e)(l) simply require the filing of a timely appeal.
Here, the employer’s letter was directed to the department’s “Benefits Supervisor,” not to the fraud investigation section of the department. That letter stated that the employer had received notice of the determination that claimant was eligible to receive unemployment compensation and that “[I]t is our understanding that Mr. Donaldson owns and works at Wiregrass Art Center in Enterprise, Alabama.”
An individual is disqualified from receiving unemployment compensation benefits for any week in which he is self-employed and each week thereafter until he establishes that he is no longer self-employed. § 25-4-78(11), Code 1975 (Supp. 1983). Thus, the letter, in legal substance, stated that the claimant was then ineligible to receive such benefits and that the decision of the claims examiner was in error. An appeal can be duly taken under § 25-4-91(e)(1), supra, by simply identifying the claim, stating the party taking the appeal, writing the words “we appeal” thereon and timely filing it with the department. The method or procedure for taking an appeal under that code section is not detailed therein. The magic word “appeal” need not appear in such a writing, although, without it, an interpretation of the entire instrument must be made to determine the intent of the party in filing the document. Here the letter was more specific than statutorily required, for it stated the alleged reason for the claimant’s ineligibility. The letter was sufficient to “file an appeal” as is required by the applicable code section, and the employer’s appeal to the appeals referee was timely.[1]
*1304 When the employer’s June 19, 1979, letter was finally offered into evidence by the department, the claimant’s objection was “and we object to it,” which was overruled by the trial court. Such was a general objection.
“It is generally recognized that a specific objection is a condition precedent to appellate review while a general objection is a waiver of appellate review. When the trial judge, for example, overrules a general objection, such action will be affirmed on appeal unless the matter objected to was patently illegal or irrelevant.”
C. Gamble, McElroy’s Alabama Evidence § 426.01(7) and (8) (3d ed. 1977). The claimant’s objection in the circuit court did not include hearsay as a ground, and hearsay cannot be asserted as a ground on appeal. Irwin v. State, 281 Ala. 163, 200 So.2d 465 (1967). The letter was neither illegal nor irrelevant. It was admissible.
We find no instance where any constitutional right of the claimant was violated by the department or by the unemployment compensation laws or the application thereof to the claim of the claimant.
The decision of the board became final by operation of law upon the expiration of the statutorily required time without an appeal. § 25-4-94, Code 1975 (Supp.1983). It then became a final decision as to his ineligibility to receive unemployment compensation benefits. The amount of benefits paid to the claimant during his period of ineligibility was due to be repaid to the department, and, upon his failure to do so, the department was authorized to institute the present civil action to collect the $1,440, which amount was admitted to be the amount of benefits paid to the claimant. Cargill v. State Department of Industrial Relations, 428 So.2d 62 (Ala.Civ.App.1982).
Other matters were argued on this appeal, but we find no error therein and we waive a consideration of those issues for they are not essential to a determination of this litigation in this court. The controlling questions have been written to and answered herein.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.

. Since there was no appeal from the January 18, 1980 decision of the board to the circuit court, the board’s determination became final by operation of § 25-4-94(d), Code 1975 (Supp.1983). Also, the decision of the appeals referee of October 7, 1979, possibly could have previously become final because of the claimant’s untimely appeal to the board. § 25-4-92(c), Code 1975. While we have responded to the claimant’s raised issue in this case, we do *1304 not expressly or impliedly decide whether a collateral attack may or may not be made as to determinations by claims examiners, appeals referees or the board of appeals which decision has become final by operation of the various code sections governing such matters.