WRIGHT, Presiding Judge.
This is an unemployment compensation case.
Jack H. Caradine (claimant) was terminated from his position as a machine operator with Hux Box, Inc. (employer), on September 9, 1979.
Claimant applied for unemployment compensation benefits. On or about April 9, 1980, employer was notified that claimant had applied for benefits. The notice also inquired as to the reason for claimant’s termination. Employer promptly dispatched another employee to hand deliver the requested information to the Ensley, Alabama, unemployment office on April 10, 1980. Employer testified that an appeal from an unfavorable determination of benefits was also indicated. Through a clerical mistake in the Ensley office, employer’s response was not forwarded to the Department of Industrial Relations (Department) in Montgomery. A determination of benefits to claimant was rendered. No notice was received by employer.
Between March 1980 and September 1980, claimant received $83.00 in weekly benefits for twenty-six weeks, totaling $2,158.00, and representing all of the regular benefits available under the Alabama Unemployment Act. § 25-4-74, Code of Alabama 1975.
In September 1980, employer received its quarterly unemployment compensation report indicating the names of former employees receiving unemployment compensation. Claimant’s name was included. Upon learning this, employer notified the Department that it was appealing claimant’s receipt of said benefits.
Claimant was informed of employer’s appeal in a letter of September 30, 1980, and on October 10, 1980, was notified of the October 15, 1980 date set for hearing before the appeals referee. Claimant was present at the hearing and presented testimony.
On or about November 3, 1980, claimant was informed that, pursuant to § 25-4-78(3)(b), Code of Alabama 1975, the appeals referee had disqualified him from receiving benefits for misconduct committed in connection with work. On November 10, 1980, claimant signed an acknowledgment that should he be ultimately determined disqualified to receive unemployment compensation benefits, he would be liable to repay all benefits received. That same day, he appealed the referee’s decision to the Department’s Board of Appeals (Board).
On January 15, 1981, the Board conducted its hearing on claimant’s appeal. On or about April 3, 1981, claimant was notified that the Board had affirmed the referee’s decision.
Claimant appealed to the Circuit Court of Coffee County. Trial de novo was held in the Circuit Court, and the court entered its judgment against claimant.
Claimant appeals, asserting that (1) the employer failed to timely appeal the claimant’s receipt of benefits and that the benefits were, therefore, final; (2) that regardless of whether the employer’s appeal was timely, the Department is estopped from recouping the benefits received by claimant; (3) that due process prevents re-coupment by the Department and; (4) that the trial court erred in failing to allow discovery. The trial court responded to the contention of claimant that employer’s appeal from the initial determination was not timely by finding that the letter delivered to the office in Ensley but undelivered to the Department’s office in Montgomery constituted an appeal. This case was heard ore tenus in the circuit court. The trial court’s findings therefore are presumed correct here. Gertz v. Allen, 376 So.2d 695 (Ala.1979).
We are unable to accept claimant’s contention that he was denied due process by the delay in hearing an appeal by the employer because he was permitted to draw compensation during that time, which he is now ordered to repay. We so hold because (1) a determination favorable to a claimant once made continues payments during appeals by the employer until final judgment. § 25 — 4—91(d)(1), Code 1975. *77 That is the reason for the requirement of repayment upon final judgment of disqualification; (2) claimant, though prosecuting an appeal of a finding of disqualification for trial de novo to the circuit court, stipulated there that he was, in fact, disqualified from drawing compensation; and (3) claimant submitted the case to the circuit court stating that his appeal was only from the part of the Board of Appeal’s decision which required him to repay the overpayment.
As the judgment of the trial court points out, the trial was de novo; it was not a review of the administrative decisions which preceded it. It renders a new, distinct and independent judgment as may be required by the merits as presented at trial. Security Engineers, Inc. v. Department of Industrial Relations, 414 So.2d 975 (Ala.Civ.App.1982); State Department of Industrial Relations v. Page, 362 So.2d 263 (Ala.Civ.App.1978). There cannot be a piecemeal trial de novo. Having stipulated disqualification, claimant’s appeal must fall for failure to sustain his burden of proof. There was no lack of due process, nor is there available to one disqualified for compensation a claim of equitable estoppel against repayment of compensation wrongfully received. Ex parte Four Seasons, Ltd., 450 So.2d 110 (Ala.1984).
Having stipulated disqualification under the statute, the trial court correctly rendered final judgment against claimant for benefits received. § 25-4-91, Code 1975. Cargill v. State Department of Industrial Relations, 428 So.2d 62 (Ala.Civ.App.1982).
Because of failure to establish the threshold issue in the court below, we consider other issues presented here improper and moot. We pretermit discussion of them.
The issue of propriety of the rulings on petitions for writ of mandamus in circuit court and in this court is res judicata.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.