HOLMES, Judge.
This is an unemployment compensation case.
The State of Alabama Department of Industrial Relations (Department) determined that the employee was disqualified under Ala.Code (1975), § 25-4-78(6), for unemployment compensation benefits he had already received. The Department sought repayment of benefits from the employee. The Department’s determination was upheld by the appeals referee and the Department’s board of appeals. The employee appealed to the Calhoun County Circuit Court. The circuit court rendered a summary judgment for the employee. The Department appeals. We reverse and remand.
Summary judgment is proper only when there is no question of material fact and the moving party is entitled to judgment as a matter of law. Pruitt v. Elliott, 460 So.2d 1275 (Ala.1984); White v. Law, 454 So.2d 515 (Ala.1984); General Investment Corp. v. Texas Refinery Corp., 451 So.2d 1373 (Ala.1984). In this case the facts are undisputed — in fact, both parties sought summary judgment.
The employee was employed by Jacksonville State University. When his employment was terminated, the employee sued the University in federal court. In 1981, that court ordered the University to reinstate the employee and pay him “a sum equal to his lost back pay since.the bein-ning of the 1980-81 academic year with interest ....”
The employee had received unemployment compensation benefits during the same period covered by the federal court’s award of back pay. Accordingly, the Department determined that such unemployment compensation was an overpayment to the employee under Ala.Code (1975), § 25-4-78(6), and requested repayment by him of the overpayment.
The primary issue is whether the Department can collect from the employee the amount of unemployment compensation benefits he has already received but for which he is subsequently disqualified due to an award of back pay. It is this court’s opinion that the Department can look to the employee for repayment of such benefits and that, as a matter of law, the Department, rather than the employee, was entitled to summary judgment.
Under Ala.Code (1975), § 25-4-78(6), an employee is disqualified for unemployment compensation if he or she receives a back pay award. The statute further specifies that “any benefits previously paid for weeks of unemployment with respect to which back pay awards are made shall constitute an overpayment” to the employee.
The employee does not dispute that his back pay award caused the unemployment compensation benefits he had received to constitute an “overpayment” within the *1287 meaning of § 25-4-78(6). Rather, he, in effect, contends that the Department cannot collect the overpayment from him because § 25-4-78(6) does not provide for recovery of the overpayment from the employee. The statute provides only that the employer shall deduct the amount of the overpayment prior to making payment to the employee of the back pay award and shall transmit the amounts deducted to the Department.
The method of recovery of the overpayment specified in § 25-4-78(6) is inapplicable in this case because the employer, Jacksonville State University, has apparently already paid the back pay to the employee in full without deducting the amount of the overpayment. Yet the employee urges this court to find that, because the statute does not specify a method of recovering directly from the employee, the Department’s “hands are tied.” In other words, the employee claims he is entitled to a windfall under the circumstances of this case.
Such an argument flies in the face of both logic and the purpose of the unemployment compensation law of this state, which is to provide benefits to the unemployed, not to allow a windfall.
This court has recognized in prior cases that, where an employee has been paid unemployment compensation benefits for which he is later determined to be disqualified, the Department can look to the employee — not the employer — to repay those benefits. Caradine v. Director, Department of Industrial Relations, 456 So.2d 75 (Ala.Civ.App.1984); Donaldson v. State Department of Industrial Relations, 439 So.2d 1301 (Ala.Civ.App.1983); Cargill v. State, Department of Industrial Relations, 428 So.2d 62 (Ala.Civ.App.1982). In each case the employee had already received the unemployment compensation for which he was then determined to be disqualified, though for reasons other than the receipt of back pay. In each case this court held that the Department could collect the amount of the benefits to which the employee was not entitled from the employee.
As we noted in the Cargill case, there is statutory authority for the Department to look to the employee for repayment of benefits to which he was not entitled. Ala. Code (1975), § 25-4-91(d), provides the time limitations for appealing a determination of the Department. That statute further provides:
“a. If an appeal is duly filed, any disputed benefits which may have been paid at any time prior to the final decision, which would not have been payable under the terms of the final decision, shall be determined to be an overpayment and the [employee] shall be required to repay to the fund any such benefits....”
(Emphasis supplied.)
In Cargill, this court held that the above-quoted language in the statute “creates a legal obligation on the [employee] to repay any benefits received by [him] during the period of [his] ineligibility. This obligation springs forth by operation of law when a ‘final decision’ as to eligibility is reached.” Cargill, 428 So.2d at 65.
Section 25-4-91(d) and the cases cited above support our conclusion that the only logical interpretation of § 25-4-78(6) is that the Department can look to the employee for repayment of an overpayment of benefits in cases, such as the present one, in which it is not possible for the employer to deduct the amount of the overpayment from future payments of a back pay award.
This interpretation is further supported by Ala. Code (1975), § 25-4-145(c), which specifically requires the individual employee to repay any overpayment of unemployment compensation benefits. It appears that this provision of § 25-4-145 was enacted after the employee received his back pay award and, therefore, may not apply to this case. Nevertheless, § 25-4-145(c) is indicative that the intent of the unemployment compensation law is that the Department may look to the employee to repay an *1288 overpayment of benefits under § 25-4-78(6).
The employee has additionally argued that the decision of the federal court which ordered the employee’s reinstatement and back pay precludes the Department from collecting the overpayment from him. He claims that there has been a settlement of all claims between the University and himself with regard to back pay claims and setoffs.
We disagree with these contentions. Not only was the Department not a party to the employee’s federal lawsuit, but we find that the federal court specifically deferred to the Department and/or state courts the issue of whether the employee must repay the unemployment compensation benefits. The federal court correctly noted that this issue is one of state law.
The employee further argues that it would be inequitable for the Department to collect the benefits from him because the University would thereby benefit monetarily, since it makes “payments in lieu of contributions” under Ala. Code (1975), § 25-4-52(b). We find this argument to be of no import.
This case is reversed and remanded with directions to the trial court to enter summary judgment in favor of the Department.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J„ concur.