YATES, Judge.
In August 1994, the State of Alabama filed a complaint for condemnation of certain real property against Luther Duke, Christeen Duke, and Sunshine Jr. Stores, Inc. (“Sunshine”), in the probate court. The Dukes had a fee simple interest in the real property arid leased the real property to Sunshine for the operation of one of its convenience stores. Following a hearing, the probate court ordered the condemnation of the real property, appointing three commissioners to assess the damages for condemnation. The commissioners assessed the damages at $75,000, with the Dukes being entitled to $55,000 and Sunshine $20,000; the court ordered that amount as damages for the condemnation of the freehold and leasehold interests in the real property.
Sunshine appealed for a trial de novo in the circuit court. At trial, Sunshine sought to offer the testimony of Ron Brown as to the value of the underlying land and the value of the lease. Brown was employed by Sunshine as a zone manager. He testified that his duties as zone manager consisted of hiring, recruiting, training supervisors, and negotiating leases for Sunshine’s convenience stores. He also testified that he had never purchased or sold real property in Chambers County or surrounding counties; that he was not familiar with the valuation methods in condemnation proceedings; and that he had had no training in property appraisal. The court refused to allow Brown’s testimony. The State’s witness testified that the value of the property in question was $88,000.
The jury assessed $88,000 in damages for the condemnation of all interests in the real property. The State and Sunshine stipulated to the State’s right to condemn the real property, to the date of the taking, and for the court, not the jury, to award interest. The circuit court rendered a judgment on the jury verdict, incorporating the parties’ stipulations and awarding interest. The court reserved the issue of the allocation of the damages between the freehold and leasehold interests. See Ala.Code 1975, § 18-1A-291. Sunshine appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
Sunshine contends that the trial court committed reversible error: (1) in not permitting Sunshine’s representative to testify, as an owner, to his opinion of the value of the freehold interest; and (2) in not permitting Sunshine’s representative to testify as to his opinion of the rental value of the leasehold interest.
Sunshine argues that, because it was the lessee of the condemned property, its representative should be allowed to testify as to the value of the freehold. Section § 18-1A-192, Ala.Code 1975, provides:
“(a) Upon proper foundation, opinion evidence as to the value of property may be given in evidence only by one or more of the following persons:
“(1) A witness qualified by knowledge, skill, experience, training, or education to express an opinion as to the value of the property;
“(2) An owner of the property; or “(3) A shareholder, officer, or regular employee designated to testify on behalf of an owner of the property, if the owner is not a natural person.
“(b) This section does not preclude the admissibility of other evidence explaining or enabling the trier of fact to understand and weigh any opinion testimony given under subsection (a).”
Sunshine argues that its leasehold interest in the property is an ownership interest in the property and that its representative should be allowed to testify as to the value of the freehold pursuant to (a)(2) or (a)(3).
A lessee is the owner of a leasehold interest in real property and that interest is a compensable interest for condemnation purposes. Harco Drug, Inc. v. Notsla, Inc., 382 So.2d 1 (Ala.1980). A lessee and a lessor hold different and distinct property interests, and, because of the separate interests, the lessee is a necessary party in a condemnation proceeding. Gamble v. State, 289 Ala. 131, 266 So.2d 286 (1972).
We conclude that an owner of a leasehold interest is not permitted to testify as to the value of the underlying freehold pursuant to § 18-1A-I92(a)(2) and (3), Ala.Code 1975. *353 When § 18-1A-192 was enacted, the law in Alabama was that:
“[A]n owner of real property may testify to the value of such property without other qualifications. This rule is premised on the basis that the fact of ownership renders the owner competent to testify to such value. See State v. Hastie, Ala., 333 So.2d 795 (1976). [A condemnation ease.]
“... [T]his general rule does not extend the ability of the witness to testify as to the value of another person’s property absent a showing of expert qualifications.”
Gregath v. Bates, 359 So.2d 404, 407 (Ala.Civ.App.1978). Further, a lessee could testify as to the value of his leasehold interest. Harco Drug, Inc., supra. See also, Drummond Coal Co. v. State, 548 So.2d 430 (Ala.1989). The rationale for allowing a nonexpert owner or his designated representative to testify regarding the value of his property, is that an owner presumably knows the value of his asset. This presumption of the owner’s knowledge of value does not extend to one who would testify as to the value of another’s property.
For purposes of § 18-1A-192, property is defined as “an interest in real or personal property under the law of this state.” § 18-1A-3(16), Ala.Code 1975. In this case, Sunshine’s property interest consists of its leasehold interest; therefore, Brown may testify regarding his opinion as to the value of its lease. However, because Brown was not the owner of the freehold and because he was not an expert and was unfamiliar with the value of real property in the area, the court did not err in prohibiting Brown’s testimony as to the value of the underlying freehold. A different holding could have a result not intended by our legislature. For example: an individual store owner in a large shopping complex (i.e., a lessee) could presumably testify as to his opinion, not only of the value of his leasehold, but also of the value of the entire shopping complex, although the lessee has no ownership interest in the complex and has no experience with the valuation of shopping complexes in the area. Also, a tenant in a large apartment complex would be permitted to testify as to his opinion of the value of the entire complex, despite his lack of experience and expertise in apartment complex valuations.
Accordingly, we conclude that the court did not err in prohibiting Sunshine’s representative from testifying as to the value of the freehold interest; however, the court’s exclusion of the representative’s testimony regarding the value of its leasehold interest was reversible error. Therefore, we must reverse the judgment and remand the cause for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
THIGPEN, J., concurs.
ROBERTSON, P.J., and MONROE, J., concur in the result.
CRAWLEY, J., concurs in part and dissents in part.