863 So.2d 1118 (2003)
ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION
v.
ALABAMA STATE PERSONNEL DEPARTMENT and Vincent L. Parker.
2020036.
Court of Civil Appeals of Alabama.
May 2, 2003.
William H. Pryor, Jr., atty. gen., and Rebecca J. Luck, asst. atty. gen., Department of Mental Health and Mental Retardation, for appellant.
Jason Lee Manasco, Montgomery, for appellees.
THOMPSON, Judge.
On February 7, 2001, the Alabama Department of Mental Health and Mental Retardation ("the Department") terminated Vincent L. Parker's employment based on a complaint of physical abuse filed by a mentally retarded adult patient at the Albert P. Brewer Developmental Center ("the Center"). On February 12, 2001, Parker appealed his employment termination to the Personnel Board of the State of Alabama ("the Board") pursuant to the Merit System Act, § 36-26-1 et seq., Ala. Code 1975; the Board held a hearing on April 26, 2001. On June 20, 2001, the Board determined that the Department's decision to dismiss Parker was not supported by the evidence, and it ordered that Parker be reinstated with full back pay and benefits.
*1119 On July 24, 2001, Parker filed a petition for a writ of mandamus in the Montgomery Circuit Court seeking an order directing the Center to reinstate him to his former position. The Montgomery Circuit Court determined that the Department had reinstated Parker to an equivalent position at the Center and had paid Parker the total amount of back pay awarded by the Board. Therefore, the Montgomery Circuit Court dismissed Parker's petition as moot.
The Department, on July 25, 2001, appealed the Board's decision to the Mobile Circuit Court. On appeal to the Mobile Circuit Court, the Department, among other things, argued that it was entitled to a setoff in the amount of back pay it owed Parker based on income Parker had earned from other employment during the period he was terminated. Parker responded that he was "unaware of any authority, statutory or otherwise, that would entitle the Department to a setoff [of his] back pay." Each party moved for a summary judgment on the issue of the setoff. On September 25, 2002, the Mobile Circuit Court granted Parker's motion for a summary judgment because, it concluded, the argument for a setoff of back pay "had not found recognition among the appellate courts of this state."
The sole issue raised by the Department on appeal to this court is whether Alabama law allows the Department to claim a setoff from an award of back pay for wages an employee earns from other sources during the period of the employee's termination. It should be noted at the outset that the Department acknowledges that there is not a statute either in the Administrative Procedure Act or in the Merit System Act and there is no regulation pertaining to the Department of Mental Health that authorizes the trial court to order restitution or a setoff of an award of back pay.
The Department relies on Wyatt v. Bronner, 500 F.Supp. 817 (M.D.Ala.1980), as authority for its proposition that the trial court can reduce an award of back pay by the employee's earnings during the period of termination. In Wyatt, the Alabama Building Commission terminated the employment of four employees. The question on appeal was to what extent the employees were entitled to reinstatement with back pay. The Wyatt opinion focuses on the classifications of the employees and the constitutional rights associated with various pre- and post-termination hearings in determining when wrongfully discharged employees are entitled to an award of back pay. Twice in the opinion the federal court states that if back pay should be awarded, then it should be awarded "less any earnings which are in mitigation." Wyatt v. Bronner, 500 F.Supp. at 823.
The federal court in Wyatt does not cite any statute, caselaw, or other precedential authority to support its statement regarding the mitigation of an award of back pay. Decisions of federal district courts, though persuasive, are not binding authority on our state appellate courts. Preferred Risk Mut. Ins. Co. v. Ryan, 589 So.2d 165, 167 n. 2 (Ala.1991)(citing Ballew v. State, 292 Ala. 460, 296 So.2d 206 (1974)). Therefore, while the Wyatt opinion can be cited as persuasive authority, it does not control the outcome of this case.
The Department also cites decisions that concern other areas of the law as persuasive authority. In Heatherly v. Benton, 479 So.2d 1285 (Ala.Civ.App.1985), this court held that the Alabama Department of Public Relations could hold an employee responsible for the repayment of overpaid benefits if the Department of Public Relations was unable to deduct the payments from the award of back pay. The Heatherly decision was based on interpretations *1120 of statutory authority. Heatherly is thus distinguishable from the present appeal because in this case we have no statutory authority to guide us.
The Department cites Title VII of the Civil Rights Act of 1964 as additional persuasive authority. The Department correctly states that employees who have been dismissed for discriminatory reasons in violation of Title VII are to minimize their damages by seeking alternative employment, based on the authority of 42 U.S.C.A. § 2000e-5(g). Sennello v. Reserve Life Ins. Co., 667 F.Supp. 1498 (D.C.Fla.1987). The Department also cites Schulz v. Hickok Manufacturing Co., 358 F.Supp. 1208 (D.C.Ga.1973), which held that a 56-year-old district sales manager who was discharged because of his age was entitled to reinstatement to his former position and to back pay, offset by unemployment benefits and severance pay based on § 7(b) of the Age Discrimination in Employment Act, 29 U.S.C.A. § 626(b). However, in each of those cases the setoff or restitution deducted from the award of back pay was authorized by a federal or state statute.
Both the parties and the trial court agree that there is no state statute or caselaw authorizing the trial court to impose a setoff of the award of back pay to Parker. We do not choose to impose judicially such a setoff under the facts of this case.
AFFIRMED.
YATES, P.J., concurs.
CRAWLEY, PITTMAN, and MURDOCK, JJ., concur in the result.
CRAWLEY, Judge, concurring in the result.
The main opinion affirms a trial court's denial of a setoff of a back-pay award for a reinstated public employee because no state statute requires such a setoff. I agree with the result, but not because there is no statutory authority that requires a dismissed employee to mitigate his damages.
Even in the absence of a statute requiring a dismissed employee to mitigate his or her damages, a setoff would be ordered in this case if Alabama followed the majority rule on the subject. Instead, we follow a minority view and the result is required because of precedent from our supreme courtprecedent that admittedly departs from the majority rule that a wrongfully discharged public employee has a duty to exercise due diligence to mitigate damages while pursuing remedies against the employer.
In City of Mobile v. Mitchell, 294 Ala. 474, 318 So.2d 708 (1975), the Alabama Supreme Court held that a municipal civil servant who was wrongfully dismissed from his employment was entitled to full back pay without any deduction for the compensation he had earned from other employment before his reinstatement. In so holding, the court recognized the following:
"Admittedly, we follow a minority view.... The majority rule with respect to municipal employees is different. A substantial majority of the courts which have considered the question now before us conclude that a wrongfully suspended (or wrongfully discharged) municipal employee due back pay upon reinstatement must deduct other compensation earned during the period for which back pay is due. See cases collected in 4 McQuillin, Municipal Corporations, § 12.186 (3d Ed., 1968); Annot., 150 A.L.R. 100 (1944). The majority rule apparently is based on a differentiation between municipal officers and municipal employees: a public official or officer is entitled to full pay whether, working or not, as an incident of office whereas a *1121 public employee's right to pay is more akin to the right to pay of one under a contract of employment. 4 McQuillin, § 174b. In the latter instance the majority would require the employee to mitigate damages by deducting from an award of back pay such earnings as were realized from other pursuits while wrongfully suspended or wrongfully discharged from his municipal employment.
"That rationale is untenable. Both classes of public servants hold their positions by virtue of law....
"[The employee] was wrongfully prevented from working, he is entitled to his salary; since that salary is fixed by authority of law it may not be diminished. We therefore hold that where a Classified Service municipal employee is wrongfully prevented from working, he or she is entitled to recover full back pay without any deduction of other compensation earned."
294 Ala. at 476-77, 318 So.2d at 709-10.
The historical distinction between those officers and employees who hold their positions by virtue of law and those who hold their positions by virtue of contract apparently stems from ancient principles of real-property law. See, e.g., Sinicropi v. Bennett, 92 A.D.2d 309, 460 N.Y.S.2d 809 (1983) (citing, for example, 2 Pollock and Maitland, History of English Law (2d ed. 1899) and 3 Kent's Commentaries (4th ed. 1840)). In the absence of some reason other than the fact that a civil servant's employment rights spring from statute and not from contract, I see no reason why public employees should be treated differently from other employees in the matter of mitigation of damages, and I urge our supreme court to reexamine this issue.