William B. WYATT, Plaintiff,

v.

Dr. David G. BRONNER et al., Defendants.

David H. FULTON, Plaintiff,

v.

Dr. David G. BRONNER et al., Defendants.

Nace ALLEN, Plaintiff,

v.

Dr. David G. BRONNER et al., Defendants.

Mary B. JOHNSON, Plaintiff,

v.

Dr. David G. BRONNER et al., Defendants.

Rayford J. MARTIN, Plaintiff,

v.

Dr. David G. BRONNER et al., Defendants.

Civ. A. Nos. 79–265–N, 79–264–N, 79–272–N, 79–305–N and 79–313–N.

United States District Court, M. D. Alabama, N. D.

Nov. 7, 1980.

Jere L. Beasley, Montgomery, Ala., for plaintiff in all cases.

Jerry L. Weidler and John L. Pappanastos, Asst. Attys. Gen., Montgomery, Ala., and M. R. Nachman, Jr., Steiner, Crum & Baker, Montgomery, Ala., for defendants Bronner, James, Sasser and Raiford.

Sarah M. Greenhaw, Asst. Atty. Gen., Montgomery, Ala., for defendant Frazer.

T. W. Thagard, Jr., David R. Boyd, Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., for defendant Teague.

Allen W. Howell, Howell & Perdue, Montgomery, Ala., for plaintiff in No. 79–313–N.

## OPINION

HOBBS, District Judge.

### FACTS

Plaintiffs are all former employees of the Alabama Building Commission (hereinafter referred to as "the Commission"). Plaintiff Wyatt served as Deputy Director of the Commission. Plaintiffs Fulton, Martin and Allen were employed as building inspectors. Plaintiff Johnson was a clerical employee performing general secretarial work.

Plaintiffs were employed by the Commission at various times since 1971. Plaintiffs were terminated as employees in April, May and June, 1979. All plaintiffs, with the exception of Allen, were notified of their termination by letter, signed by the Commission's secretary, advising them that the Personnel and Finance Committee of the Commission had terminated their employment. Allen was notified by a letter signed by the then Director of the Technical Staff of the Commission.

From the outset of their employment with the Commission, plaintiffs were regarded as "unclassified" employees. Unclassified employees are those state employees outside the requirements of the state merit system relative to hiring and outside its protections regarding termination of em-

ployment. Employees of the Commission in the positions of plaintiffs have been regarded as unclassified employees since at least 1945. Plaintiffs and their predecessors in their positions were not appointed to their positions with the State Building Commission in accordance with procedures prescribed by Alabama statute for merit system employees. *Alabama Code*, § 36–26–1 et. seq. They were never given the examination which is required of all merit system employees. They were not placed on a list of eligibles as the result of any examination, and consequently, they have never been certified for appointment from an eligible list. None of the plaintiffs served a probationary period as is required by law for all merit system employees.

Following their termination, plaintiffs filed complaints alleging that they were classified employees of the State of Alabama and thus entitled to the procedural protections afforded by the Fourteenth Amendment to the United States Constitution. Plaintiffs contend that their dismissals violated their rights to due process guaranteed under the United States Constitution. As compensation for these alleged violations, plaintiffs seek (1) reinstatement to their former positions plus an award of back pay, and (2) general and punitive damages.

At the request of the parties and pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the Court ordered a separate trial on the issue of plaintiff's entitlement to reinstatement with back pay. The Court reserved the remaining issues for jury trial at a later date. Trial on the issue of reinstatement was held October 10, 1980. At that time, the Court heard the testimony of several witnesses as well as the legal arguments of the parties involved.

## CONCLUSIONS OF LAW

Plaintiffs' actions arise under the Fourteenth Amendment to the United States Constitution and Title 42 U.S.C. § 1983. Jurisdiction is therefore conferred on this Court by Title 28 U.S.C. § 1343(3).

The threshold question regarding the plaintiffs' right to reinstatement with back pay is the status of the plaintiffs under the Alabama Merit System Act. *Alabama Code*, §§ 36–21–1 et seq. If plaintiffs were "classified" employees, they have such a property interest in their jobs that the procedures for terminating them must meet the procedural due process requirements which have been held to include a pretermination hearing. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Glenn v. Newman*, 614 F.2d 467 (5th Cir. 1980); *Thompson v. Bass*, 616 F.2d 1259 (5th Cir. 1980).

Defendants contend that the statute under which the State Building Commission was created, § 41–9–140 et seq., contains the provisions that are applicable in this case. Specifically, § 41–9–141(c) states:

> The Commission may appoint and dismiss such officers, employees and agents including competent architectural and technical employees as may be necessary to effectuate the purposes of these articles. All employees of said Commission shall be subject to the provisions of the merit system. The Commission is authorized to fix by contract the fees or compensation of all architectural and technical employees without regard to the Merit System Act.

Defendants submit that the first sentence of the above quoted section contains a legislative grant to the Building Commission to hire and fire its own employees. Defendants also contend that the employees of the Building Commission have, since the creation of the Building Commission, been hired and fired without regard to the dismissal provisions contained in the Alabama Merit System Act, § 36–26–27. Furthermore, defendants contend that plaintiffs' continued designation on the payroll register as exempt employees is further evidence that plaintiffs were not entitled to the protections afforded classified employees under the Alabama Merit System Act.

Plaintiffs argue that irrespective of how they have been designated or treated in the past the only treatment which they can be accorded consistent with the Alabama Merit System Act is as classified employees. Plaintiffs point out that the quoted section relied on by defendants for their authority to hire and fire expressly requires that such action be done consistent with "the provisions of the merit system."

Enacted in 1939, the Alabama Merit System Act sets out three classifications for state employees. Section 36–26–10(b) defines those officers in the exempt service. Section 36–26–10(c) defines those positions in the unclassified service. Section 36–26–10(d) states: "The classified service shall include all other officers and positions in the state service." In the definitional section of the Act, § 36–26–2, the classified service is defined as follows: "All officers or positions of trust or employment in the state service now or hereafter created except those placed in the unclassified service or exempt service by this article."

■ Defendants can point to no place in this article or elsewhere where plaintiffs are "placed in the unclassified service or exempt service." Not having been so placed, the statute compels this Court to conclude that the plaintiffs are classified employees and are entitled to the type of hearing required by the Fourteenth Amendment to the United States Constitution. *Thurston v. Dekle*, 531 F.2d 1264 (5th Cir. 1976); *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Lawson v. Ala. Dept. of Youth Services*, CA No. 77–514–N (an opinion by Judge Frank M. Johnson, Jr., decided November 3, 1977).

Admittedly, plaintiffs were not given a pretermination hearing which this Court holds was required under the Fourteenth Amendment. Nor was such hearing available to the plaintiffs at the time of their termination. The question before the Court, therefore, is whether and to what extent classified employees in the position of plaintiffs are entitled to reinstatement with back pay.

In *Glenn v. Newman*, 614 F.2d 467 (5th Cir. 1980), a plaintiff who was denied a pretermination hearing, requested a post–termination hearing and was given such a hearing approximately one month after his discharge. On such hearing, the discharge was upheld. The *Newman* court stated that "any claim of pre–terminational due process violations was cured by the subsequent due process hearing, the only damages to which Glenn is entitled accrued during the period between his dismissal and the date of his post–termination hearing."

Applying the law as laid down in *Newman* to the facts of this case is not an easy task because no post–termination hearing took place for the instant plaintiffs. Plaintiffs Fulton and Wyatt were dismissed on May 29, 1979; they requested a post–termination hearing before the State Personnel Board by letters dated June 4, 1979 and June 7, 1979, respectively. By letter of June 12, 1979, the State Personnel Director (Mr. Frazer) wrote to the attorney for Mr. Fulton and Mr. Wyatt, agreeing to grant them a hearing. In this letter he expressed some doubt as to whether the Personnel Board would be able to afford Mr. Fulton and Mr. Wyatt any relief as far as employment or reinstatement was concerned. Mr. Frazer made it clear in his letter that he had some question as to whether these employees, who had never been considered or treated as classified employees, would be entitled to the relief at such a hearing which, under the Alabama statutes, was to be accorded only to classified employees. But, as Mr. Frazer stated in his affidavit and as he testified in court, he had no authority to make this determination. Such a determination would be for the Board.

By letter of July 13, 1979, the attorney for Mr. Fulton, Mr. Wyatt and Mrs. Johnson[1] advised Mrs. Greenhaw, the attorney for Mr. Frazer, that he did not believe "a

---

1. Mrs. Johnson was not discharged until June 12, 1979. Her attorney requested a hearing on June 13, 1979.

hearing before the full Personnel Board at this late date will be sufficient to satisfy the requirements of due process..." But his letter continued: "If any one of them desires a hearing at the September meeting, I will let you know immediately." He did not thereafter advise anyone that his clients desired the hearing which Mr. Frazer proposed to schedule in September.

Mr. Allen was also terminated without a pretermination hearing. His discharge occurred on April 27, 1979. Although Mr. Allen did not specifically request a post–termination hearing on his own behalf, he was represented by the same counsel as represented Mr. Fulton, Mr. Wyatt and Mrs. Johnson. Mr. Allen's attorney stated at a hearing in this Court that he intended for the exchange of letters which referred to his clients to include Mr. Allen.

The Alabama statute which purports to set out the rights of a discharged classified employee states that such an employee may within ten days of his notice of dismissal appeal from the action of dismissal by filing an appeal with the Personnel Board. Section 36–26–27, *Code of Alabama*, (1975). Presumably because plaintiff Allen, as well as his employer, did not regard Allen as a classified employee, he filed no appeal. If his attorney's demand for a hearing in June is treated as including a demand on behalf of Mr. Allen, clearly such a demand was not within ten days.

Plaintiff Martin was discharged on May 29, 1979. He did not ask for a hearing. But Mr. Martin's attorney asked for a hearing before the Personnel Board on behalf of another client by letter of June 4, 1979. Mr. Frazer responded to that letter on June 13 in which he expressed similar doubts to those expressed in the letter of June 12 to the attorney for Mr. Fulton and Mr. Wyatt as to the status of the employees requesting the hearing. Mr. Frazer's letter stated further that the attorney would be informed as to a hearing date as soon as one could be worked out with the Board. As requested by Mr. Martin's attorney, the letter from Mr. Frazer enclosed the rules of the State Personnel Board concerning hearing procedures.

A letter dated July 18, 1979 from the attorney for Mr. Frazer to Mr. Martin's attorney referred to a conversation with plaintiff Martin's attorney in which Mr. Martin's attorney advised Mr. Frazer's attorney that his clients did not desire to proceed with a hearing before the Personnel Board. By letter of July 23, 1979, Mr. Martin's attorney wrote Mr. Frazer's attorney that his clients had originally desired a hearing but had decided that a hearing would be useless in view of the attitude of Mr. Frazer and had therefore elected to go to court rather than pursue a useless administrative hearing.

■ It is clear under *Newman* that if plaintiffs had gone forward with the offered post–termination hearing and if at such hearing it was held that "good cause" existed for their discharge, the only damages to which they would have been entitled because of the failure of the defendants to provide a pretermination hearing would be back wages from the date of discharge to the date of the post–termination hearing, with such hearing determining plaintiffs' rights to reinstatement. In the light of this Court's determination that plaintiffs were classified employees, plaintiffs at such a hearing would be entitled to reinstatement unless defendants could show good cause for plaintiffs' discharge. Since plaintiffs' request for a hearing was granted and Mr. Frazer agreed to such a hearing no later than the September meeting of the Personnel Board, plaintiffs are entitled at least to back pay for the failure to give a pretermination hearing from the date of their discharges to the date of the Board meeting in September of that year. The Board is herewith required to give a hearing relative to reinstatement within thirty days of the Court's order to any plaintiff who, within seven days of this order, communicates in writing, with a copy to this Court, such plaintiff's desire for a hearing. If on such hearing, it is determined that there was not good cause as to a plaintiff's discharge, then such plaintiff would be entitled to back pay to the date of such rein-

statement. If on such a hearing it is determined that there was good cause for discharging a plaintiff, then such plaintiff would not be entitled to reinstatement and back pay would be limited to the period from the time of discharge to September 30 of that year. The defendants should not be liable for the long delay in having a post–termination hearing where such hearing was offered to plaintiffs, and they elected not to go forward with the hearing.

Plaintiffs contend that even if this Court finds that they were offered a hearing, the hearing which they were offered would not have met the requirements of due process. First, they say it would not meet such due process requirements because the charges against the plaintiffs were too general. While Mr. Frazer conceded that the charges were too general, he said such problems were routinely resolved by a pre–hearing conference.[2] A second and more fundamental objection of the plaintiffs to the type of hearing which was offered is their contention that since Mr. Frazer and the discharging employer were of the opinion that plaintiffs were not classified employees, the Board would not have proceeded to determine whether the employer had good cause for terminating the plaintiffs, and this Court has found them to be classified employees and hence entitled to such a hearing.

There are two answers to this contention. First, the Court cannot speculate as to the determination which would have been reached by the Personnel Board. As the Court understands Mr. Frazer's deposition testimony and that given by him at the hearing in court, Mr. Frazer himself expressed some doubt as to whether these employees were properly designated as unclassified employees after the question was raised by plaintiffs' attorneys. The view of the discharging employer is hardly relevant because it is the employer's action that the Personnel Board is routinely charged with reviewing. The employer's view as to the propriety of its action is hardly decisive.

Second, even if the Personnel Board had held the offered hearing and had determined at such a hearing that plaintiffs were non–classified employees and hence were not entitled to the protection of the merit system, and if such decision were appealed and reversed, it does not follow that plaintiffs, on a later hearing to determine if the employer had good cause for discharging plaintiffs, would be entitled to back pay from the date of the discharge to the date of the ultimate hearing. If on the final hearing, the Board concluded that plaintiffs had been properly discharged for cause, the Court is of the opinion that plaintiffs would be entitled to back pay only from the date of discharge to the date of the original hearing which had erroneously held that they were not classified employees.

As the Court understands the cases where "classified" employees are discharged without a pretermination hearing, courts hold that they have been denied a constitutional right to be heard prior to discharge. The cases further hold that such discharged employees are entitled to back pay until they are given an opportunity to be heard. They are entitled to such back pay even if the post–termination hearing results in a final adjudication that the discharged employees were discharged for good cause. This Court views the back pay award, even though the employee ultimately is found to have been properly discharged, as in the nature of a sanction or penalty imposed on the employer who deprives a classified employee of his constitutional right to a hearing. *Glenn v. Newman*, 614 F.2d 467 (5th Cir. 1980); *Thompson v. Bass*, 616 F.2d 1259 (5th Cir. 1980).

An employee does not, however, have a constitutional right not to be discharged for an erroneous reason. If the hearing before the Alabama Personnel Board had gone no further than a determination, after the employee had a full opportunity to be heard,

2. Plaintiffs must be furnished with charges which meet the requirements for specificity at least ten days prior to the proposed hearing.

that the employee was not a classified employee and hence was not entitled to a hearing as to whether there was good cause for his discharge, he would not have been deprived of his constitutional rights and the sanction of back pay to the time of a hearing on the merits of his discharge would have been inappropriate unless the employee prevailed on such a hearing.

In other types of litigation, plaintiffs are not entitled to impose damages from an erroneous initial decision unless they ultimately prevail. The same result should follow here where plaintiffs were offered a hearing. In summary, if plaintiffs prevail on their hearing, they would be entitled to back pay and reinstatement from the date of their discharge less any earnings which are in mitigation. If on such a hearing, it is determined that plaintiffs' discharges were for good cause, then such plaintiffs would be entitled to back pay only from the date of discharge to the 30th day of September in the year of their discharge, less any earnings which are in mitigation.