WRIGHT, Presiding Judge.
This appeal concerns the State Merit System status of certain employees of the State Building Commission (Commission). The cause arises out of the following pertinent facts:
FACTS
William B. Wyatt, David H. Fulton, Nace Allen, Mary B. Johnson and Rayford J. Martin (Employees) were dismissed from their employment with the Commission. The action was taken via the Personnel and Financial Administration Committee (Personnel Committee), a three-member group composed of members of the Commission, appointed by the Governor and authorized to:
“act for and on behalf of the Commission with respect to matters of personnel and financial administration of the affairs of *146 the technical staff of the Commission to include the granting of merit salary increases to members of the technical staff not covered by the pay plan of the Merit System; the employment and discharge of non-merit system employees of the technical staff and the assignment and reassignment of members of the technical staff to the various programs administered by the Commission; ... provided, however, that all actions of such committee shall be reported to the Commission at each regular or special meeting and such actions shall be subject to the approval, disapproval, or modification of the Commission.”
Resolution of the Commission, October 26, 1966.
Wyatt was deputy director of the technical staff; Fulton, Martin and Allen were construction inspectors and Mrs. Johnson was a clerical employee. Employees were terminated by the Personnel Committee and notified of their dismissals by the secretary of the Commission, except for Allen who was notified by Hugh Adams, then director of the technical staff. Wyatt, Fulton and Martin were dismissed on May 29, 1979, after the Personnel Committee met “to review the qualifications and performance” of Commission employees; Allen was dismissed effective May 15, 1979, and Mrs. Johnson on June 12, 1979, both due to financial conditions. No post-discharge hearings were held, although a hearing was offered by the State Personnel Board after several of the employees demanded one. Despite the offered hearing, Employees refused to go forward, contending that such hearing would be biased and would not comport with due process.
Employees sued in federal district court under Title 42, U.S.C. § 1983, alleging that they were classified employees and dismissed without due process under the fourteenth amendment of the United States Constitution. The federal court found that Employees were classified under the Merit System Act, § 36-26-1, Code 1975, and ordered that they be granted a due process hearing by the State Personnel Board to determine whether they were fired “for cause.” See, Wyatt v. Bronner, 500 F.Supp. 817 (M.D.Ala.1980). The ordered hearing was held as to all of the Employees, except Martin,[1] on November 26, 1980. Evidence was presented to the Personnel Board under the following stipulations:
1. No evidence will be received on matters not relating to the dismissal of employees or the reasons therefor and matters in defense. Affidavits (including character type) are okay.
2. Judge Hobbs’ order in the federal court case is to be a part of the record.
3. Building Commission agrees not to require proof of the employees’ merit system status.
The Personnel Board found that “the charges presented ... were sufficient to warrant . . . termination of each employee.... ” The issue of whether Employees were classified was not addressed in the Personnel Board’s decision.
Employees petitioned the circuit court of Montgomery County for writ of certiorari to review the order of the Personnel Board. In an order of February 10,1980, the circuit court ruled that Employees were unclassified and that employees of the technical staff had been regarded as such since 1945. The court noted that Employees were not hired within the procedure required by the Merit System Act, and held that:
1. The plaintiffs were estopped to assert that they were classified;
2. The plaintiffs were not classified; and
3. The plaintiffs were members of the unclassified service and that Employees’ termination comported with provisions of the Act for termination of such employees.
*147 Employees contend that the court erred in ruling (1) that Employees were unclassified and not protected as classified employees under § 41-9-141(c); and (2) that the Employees were estopped to claim protection of the Merit System Act in their dismissals since they were employed in noncompliance with the Act. Employees also assert here that (1) the Commission was required to specify the exact charges in writing against each employee ten days pri- or to the Personnel Board hearing; (2) the notices of dismissal of Employees were made by an employee of the Commission in violation of § 36-26-27, Code 1975; (3) there was no legal evidence to sustain the dismissals; and (4) the failure of the full Commission to ratify or approve Employees’ dismissals renders the dismissals null and void regardless of their status.
OPINION
The hearing before the Personnel Board was held by order of the federal district court under the fourteenth amendment to the United States Constitution, not under the provisions of the Alabama Merit System Act. Judge Hobbs’ federal district court order clearly sets out that those employees who properly demanded a hearing of their dismissal pursuant to § 36-26-27(a), Code 1975, failed to go forward with such hearing when it was offered by the Personnel Board. The remaining Employees simply did not timely request a hearing. The federal court thus determined, in effect, that Employees did not follow their remedies under state law. Apparently keying on the due process requirement of a pre-termination hearing where an employee has a property interest in his or her job,[2] Judge Hobbs ordered a due process hearing limited to whether Employees were properly dismissed for cause. Cause for dismissal was the only issue directed to the Personnel Board by the court s order. There was no challenge by appeal of the district court order. Peripheral issues which might have been properly presented had the hearing proceeded under the State Merit System law were not relevant since the federal court order enforced fourteenth amendment rights exclusively.[3] With this preface, we turn to our review of the circuit court’s order.
The proper scope of review for the circuit court on the Employees’ writ of certiorari was whether there was any legal evidence to sustain the finding of the Personnel Board that Employees were properly dismissed for cause. The status of Employees was not before the circuit court because it was not before the Personnel Board. The finding that Employees were unclassified and terminable at will was outside the scope of review. We therefore must reverse and remand so that the circuit court may review the issue of cause.
The other issues raised under § 36-26-27(a) are not properly before us. As we have noted, Employees waived or abandoned their state remedies which could have been used to enforce the provisions of the Merit System Act and chose to pursue relief in federal district court. Only fourteenth amendment due process was available to Employees through the federal court order.
This cause is due to be reversed and remanded for the circuit court to review cause.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.

. Martin’s hearing was held December 31, 1980, due to his objection to the Personnel Board’s legal counsel acting as hearing officer. Both the Board’s and Commission’s counsel are assistant attorneys general, and Martin said that presented a conflict of interest. Outside counsel was appointed as hearing officer for Martin only.

. The sense of Judge Hobbs’ order is that providing for only post-dismissal hearings in § 36-26-27(a) does not comport with the due process required by the fourteenth amendment of the United States Constitution. See Glenn v. Newman, 614 F.2d 467 (5th Cir. 1980) which is cited by Judge Hobbs. This is a matter that might well address itself to future legislative attention.

. Included within these issues is the propriety of Employees’ dismissals under § 36-26-27(a) as applied in Chavers v. State Personnel Board, 357 So.2d 662 (Ala.Civ.App.), cert. denied, 357 So.2d 664 (Ala. 1978).