**Waylon Rex VAUGHN,
Plaintiff-Appellant,**

v.

**Mary Lee SHANNON, et al.,
Defendants-Appellees.**

**No. 84–7421.**

United States Court of Appeals,
Eleventh Circuit.

April 29, 1985.

Julian McPhillips, Jr., Montgomery, Ala., for plaintiff-appellant.

G.R. Trawick, Randall B. James, Montgomery, Ala., for defendants-appellees.

Before HENDERSON and HATCHETT, Circuit Judges, and ALLGOOD *, District Judge.

ALLGOOD, District Judge:

Appellant Vaughn complains of the grant of summary judgment by the district court in favor of the appellees Mary Lee Shan-

---

* Honorable Clarence W. Allgood, U.S. District Judge, Northern District of Alabama, sitting by designation.

non, et al. In the district court, Vaughn sought relief pursuant to 42 U.S.C. § 1983 for violation of civil and constitutional rights and 42 U.S.C. § 1985 for conspiracy to abridge plaintiff's civil rights. Our review of the evidence viewed in the light most favorable to the plaintiff and our study of the applicable law convinces us that the district court's decision was correct and we affirm.

Appellant raises two issues on appeal. Vaughn claims that he has a property interest in his job with the Alabama Department of Mental Health, which entitles him to due process as guaranteed by the Fourteenth Amendment. He further claims that he is entitled to such due process by virtue of a liberty interest in his good name and reputation.

Plaintiff began his employment with the Department of Mental Health in August 1974. He rose through the ranks from a position in the Administrative Transitional Services, to Mental Health Consultant, and ultimately to Chief, Evaluation of Community Programs.

On May 3, 1983, plaintiff was informed that he was being reassigned from the position of Chief, Evaluation of Community Programs, to the position of Mental Health Consultant II. The reasons given were inadequate supervision of and communication with the staff, failure to take responsibility for decision making, minimal participation in on-site reviews of community programs, and poor analysis of deficiencies in community programs.

Following the proposed reassignment, plaintiff requested and was granted the right to a hearing on his reassignment before a duly-appointed, independent hearing officer, Mr. Frank Caskey. The hearing was conducted on July 1 and July 5, 1983. On August 1, 1983, Mr. Caskey, after thoroughly reviewing the evidence submitted to him at the hearing, entered his findings that the evidence was not sufficient to warrant plaintiff's reassignment and recommended that plaintiff be reinstated to his former position.

Mr. Caskey's recommendation was then given to Ken Wallis, the Acting Commissioner of the Department of Mental Health, for his decision. Commissioner Wallis, who had maintained the final authority to decide the matter, reviewed the transcript of the hearing and the findings and recommendation of Mr. Caskey, and ordered that plaintiff be reassigned to the position of Mental Health Consultant II. The grounds stated for this reassignment were management needs and plaintiff's use of racial slurs when referring to a particular employee, a practice which Commissioner Wallis found offensive and an obstacle to effective supervision and job performance.

█ Appellant claims a property interest in his job with the Alabama Department of Mental Health, entitling him to due process as guaranteed by the Fourteenth Amendment. According to the Alabama Merit System Act, *Alabama Code,* § 36–26–1 et seq. there are three classifications for state employees. The officers for "exempt" service, and the positions for "unclassified" service are specifically defined. Section 36–26–2 states that "classified" positions are all those officers and employees who have not been placed in the unclassified or exempt service. Because Vaughn's position of Chief, Evaluation of Community Programs was not specifically placed in the unclassified or exempt categories, he claims that this position is a classified one, giving him the required property interest to entitle him to due process. He relies upon *Wyatt v. Bronner,* 500 F.Supp. 817 (1980), which involved former employees of the State Building Commission who claimed they had a property interest, sufficient for due process protection, in their jobs with the Commission. In that case, the court stated that "[d]efendants can point to no place in this article or elsewhere where plaintiffs are 'placed in the unclassified service or exempt service.' Not having been so placed, the statute compels this court to conclude that the plaintiffs are classified employees and are entitled to the type of hearing required by the Fourteenth Amendment to the United States Constitution."

Appellant's reliance on these Code sections and *Wyatt v. Bronner, supra,* without consideration of later enacted Code sections is faulty. Alabama Code § 22–50–1 et seq. is determinative of this issue. According to § 22–50–40, the Alabama Mental Health Board is authorized to establish personnel policies and salary schedules for its employees. § 22–50–41 states that the "[p]ersonnel policies may be established so as to include under the state merit system certain positions in the department of mental health and so as to exclude other positions ..." Therefore, the Director of the Mental Health Department has the authority to determine which positions would be included in the Merit System and which would be excluded.

Ken Wallis, Commissioner of the Department of Mental Health and Mental Retardation; Henry Ervin, Personnel Director of the Department of Mental Health and Mental Retardation; and Halycon Vance Ballard, State Personnel Director, submitted affidavits to the effect that plaintiff's position was within the exempt service. The District Court cited *Veal v. James,* No. CA 81–124–N (M.D.Ala., filed October 20, 1981). In that case, the plaintiff was terminated from a position with the Department of Mental Health and filed a suit under Section 1983 alleging a deprivation of property without due process. The court considered the affidavits of the defendants, which stated that plaintiff was an exempt employee, and Alabama Code §§ 22–50–41 and 22–50–16, and concluded that plaintiff was exempt. The same result is due here. The Alabama Mental Health Board has the authority to establish personnel policies and the authority to include or exclude certain positions from the Merit System in so setting the policy. Vaughn's position as Chief, Evaluation of Community Programs, was therefore exempt from the Merit System, which deprived him of the property interest that would entitle him to due process.

A second issue on appeal is raised by Appellant's claim that he is entitled to the protection of the due process clause of the Fourteenth Amendment based on a liberty interest in his good name and reputation. Whether a liberty interest has been violated so as to trigger Fourteenth Amendment due process rights can be determined by looking at the tests set forth in *Wells v. Doland,* 711 F.2d 670 (5th Cir.1983). According to that case, the employee must show "not only that he has been stigmatized, but that he was stigmatized in or as a result of the discharge process. *Dennis v. S & S Consolidated Rural High School District,* 577 F.2d 338, 341 (5th Cir.1978); that the charges were made public, *Ortwein v. Mackey,* 511 F.2d 696, 699 (5th Cir.1975); and that he was denied a meaningful hearing to clear his name. *In re Selcraig* [705 F.2d 789], at 795–796." A footnote in the *Wells* case cites *Codd v. Velger,* 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977), as requiring "a finding that the charges not only seriously damaged the employee's standing and association in the community or foreclosed his freedom to take advantage of other employment opportunities, but that the charges are false."

■ In the instant case, the reasons given by Mr. Wallis for plaintiff's reassignment were management needs and plaintiff's use of racial slurs toward a subordinate which the Commissioner felt created permanent barriers to effective supervision and efficient job performance. The District Court held that he was not deprived of his liberty interests when initially charged with inadequate supervision and communication with his staff, minimal participation in on-site reviews of community programs, and poor analysis of deficiencies in community programs, because the Hearing Examiner resolved each of these charges in favor of the plaintiff. There is no indication that the reasons set forth for Mr. Vaughn's new job assignment—management needs and plaintiff's use of racial slurs toward a subordinate—seriously damaged his standing in the community or foreclosed his opportunities for other employment. Further, plaintiff admits having made racial slurs toward an employee in referring to Howard Blalock as "Blacklock". The *Wells* tests

were clearly not met. Therefore, plaintiff cannot be said to have been deprived of a liberty interest in his good name and reputation, giving rise to due process protection of the Fourteenth Amendment.

We affirm the District Court's grant of summary judgment in favor of the defendants.

AFFIRMED.