ADAMS, Justice.
This is an appeal from the dismissal of claims pursuant to Rule 12(b)(6), A.R.Civ.P.
Prior to July 15, 1984, the appellant, George Edward Williams, was employed as a guard in the Tuscaloosa County Jail. However, on or about that date, he was served with a criminal indictment and, as a result, his employment was suspended pending the outcome of the charges against him. Williams claims that on more than one occasion he was told by the Sheriff that, in the event that the charges were dismissed or he was acquitted, he would be entitled to reinstatement as well as back pay. He also claims that he was notified that any conviction, whether a felony or a misdemeanor, would result in the termination of his employment at the jail.
On May 28, 1985, the charges against Williams were dismissed, and soon thereafter he began seeking reinstatement to his former position as jail guard. However, although Williams says that the Sheriff had told him and the news media that he would be reinstated with back pay, Williams received a letter terminating his employment effective August 16, 1985.
Williams subsequently sued for damages and for specific performance of a contract. The defendants, Beasor B. Walker (Sheriff of Tuscaloosa County), W. Hardy McCol-lum (Probate Judge of Tuscaloosa County), and John Foster, Carl Henderson, Joe Mal-lisham and Bobby Miller (members of the Tuscaloosa County Commission), filed a motion to dismiss, which was granted with regard to six counts. Their motion for summary judgment was granted with regard to the remaining count. Williams appeals the dismissal of Counts 1, 2, and 3.
I.
Williams contends as to Count 2 that he had a property interest in his employment; therefore, he argues that he was entitled to due process in accordance *577 with the United States Constitution before he could be dismissed by the Sheriff. We disagree and affirm the dismissal of Count 2. Initially, we note that Williams has apparently confused the issue of the defendants’ failure to reinstate him and give him back pay from the date of his suspension with the right of the defendants to terminate his employment at any time. By his own admission, a jail guard is not a civil service employee. Thus, he is not afforded as a matter of right the protections of a civil service employee (e.g., a hearing) before termination. In fact, his employment is an employment-at-will which by definition can be terminated at the will of his employer for any reason whatsoever.[1] United Steelworkers of America, AFL-CIO v. University of Alabama, 599 F.2d 56 (5th Cir.1979). Furthermore, several cases have upheld the notion that an employment-at-will is not a property interest that requires due process before removal. See Vaughn v. Shannon, 758 F.2d 1535 (11th Cir.1985); Blanton v. Griel Memorial Psychiatric Hospital, 758 F.2d 1540 (11th Cir.1985); Thompson v. Turner, 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980). In light of these authorities, we affirm the dismissal of Count 2.
II.
Williams also contends that the trial court erred in dismissing Count 3 of his complaint, in which he argues that the termination of his employment was in violation of his state constitutional right to due process. Again, we must disagree with Williams, and affirm the action of the trial court. Because Williams was not a civil service employee, as stated in Part I above, he did not have a property interest entitling him to due process prior to termination. Thus, he was not entitled to any kind of hearing before the termination of his employment. “This court has ... held that a public employee whose duties are terminable at will has no property interest in continued employment. Tripp v. Hall, 395 So.2d 33 (Ala.1981).” Mountain v. Collins, 430 So.2d 430 (Ala.1983). Again, it appears that Williams has confused his potential right to back pay from the date of his suspension until the date of his termination with the right of the Sheriffs Department to terminate his employment in August 1985. As stated above, he was an employee “at will” and “[a]n at will employment contract is terminable by either party for a good reason, a bad reason, or no reason at all.” Pranzo v. Itec, Inc., 521 So.2d 983 (Ala.1988), citing Hall v. Integon Life Ins. Co., 454 So.2d 1338 (Ala.1984), citing Bates v. Jim Walter Resources, Inc., 418 So.2d 903, 905 (Ala.1982). Therefore, Count 3 of William’s complaint was due to be dismissed, and its dismissal is hereby affirmed.
III.
Williams finally argues that the trial court erred in dismissing Count 1, his claim for damages and for specific performance in contract. We agree insofar as his claim for damages is concerned, and reverse with regard to this issue. This is the only Count that addresses Williams’s potential right to back pay from the time of his suspension on July 15, 1984, until the time of his termination in August 1985. In his brief, Williams argues that he had a contract with the Sheriff regarding reinstatement and back pay in the event that the charges against him were dismissed. Even if Williams was an employee-at-will and subject to termination in July 1984, he argues, he was not terminated on July 15, 1984; rather, he says, he was terminated in August 1985. Thus, he argues that he is entitled to damages for the 13 intervening months pursuant to the policy of the Sheriff’s Department and/or the alleged contract between the sheriff and himself. “In appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of [his] *578 claim which would entitle [him] to relief under some cognizable theory of law.” Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We affirm the trial court insofar as specific performance is concerned.
This cause is due to be, and it hereby is, affirmed in part (Counts 2 and 3), and reversed and remanded in part (Count 1).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
JONES, SHORES, HOUSTON and STEAGALL, JJ., concur.

. We recognize that there are certain statutory exceptions to this principle. See, e.g., Code 1975, § 12-16-8.1.