729 So.2d 264 (1998)
Fob JAMES et al.
v.
Dorothy Alice McKINNEY and the Alabama State Employees Association.
Walter Stevenson
v.
Fob James et al.
Nos. 1961410 and 1961639.
Supreme Court of Alabama.
November 20, 1998.
Rehearing Denied January 15, 1999.
*265 William P. Gray, Jr., legal advisor to the Governor; Robin G. Laurie, deputy atty. gen.; and Martin E. Burke of Balch & Bingham, L.L.P., Montgomery, for appellants/cross appellees Fob James et al.
James Allen Main of Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery; and Mark J. Williams and Linda Baker Allen, Alabama State Employees Association, Montgomery, for appellees Dorothy Alice McKinney and the Alabama State Employees Association.
KENNEDY, Justice.
These appeals concern the employment status of the "division chief" position within the Alabama Department of Economic and Community Affairs (hereinafter "ADECA") and the preclusive effect of a settlement among then Governor Jim Folsom, his personnel director, and the Alabama State Employees Association (hereinafter "ASEA").
In 1991, during Governor Guy Hunt's administration, Dorothy Alice McKinney, an employee at ADECA, was removed from her position as administrative division chief of ADECA and was assigned to another position. McKinney and the ASEA sued ADCA; the ADECA director; and Governor Hunt, requesting a judgment declaring that the position of division chief is a merit system position and an injunction requiring ADECA to staff the division chief positions with merit system employees and to reinstate McKinney to her position.
The litigation continued until 1993, when Governor Jim Folsom, the state personnel director,[1] the ADECA director, Ms. McKinney, and the ASEA entered into a settlement agreement. The settlement provided that as of October 1, 1996, the ADECA division chief positions would be merit system positions. On June 8, 1993, Judge Joseph Phelps dismissed the case with prejudice.
In September 1996, shortly before the merit system classification was to take effect, Governor Fob James and the current ADCA division chiefs sued, arguing that the settlement was not valid. McKinney and the ASEA moved to dismiss the lawsuit, arguing that the current division chiefs, who are not merit system employees, have no property interest in their positions and, therefore, no standing to bring this action. They also argued that the settlement entered into three years earlier was binding and not subject to collateral attack.
The trial court granted the motion to dismiss. In its dismissal order it wrote:
"The Court having considered all the pleadings herein, having considered the briefs in support thereof, having heard oral arguments on three different occasions, and having considered the time elapsing from the date of the settlement agreement of June 8, 1993 until the filing of the complaint of September 17, 1996, is of the opinion that the complaint filed approximately 39 months subsequent to the execution of the settlement agreement and entry of order of dismissal with prejudice of both the State and Federal lawsuits, is due to be dismissed on the grounds set out in the motion to dismiss as well as in the interest of finality. The Court in dismissing this action does so consistent with its previous reasoning in a factually similar case wherein Rule 60(b), Ala.R.Civ.P., was evoked rather than a new complaint filed, Dressler v. Bressler, 676 So.2d 1357 (Ala.1995) (table). In Dressler the Court found that `the settlement agreement and the resulting dismissal with prejudice of this cause was achieved by the parties now before the Court with counsel attendant at that time, and that the Court must balance a desire to achieve justice against the interest of the litigants in the finality of the judgment.' The finality principle is equally applicable in this case. It is, therefore for all the reasons recited herein;
"ORDERED, ADJUDGED, AND DECREED by the Court that the motion to *266 dismiss the complaint should be and [it] is hereby granted and this action dismissed."
The civil service system of the state is divided by statute into the classified service, the unclassified service, and the exempt service. "Classified" civil servants attain their employment through a merit system based primarily on competitive examination. The purpose of making certain state employees subject to the merit system is to prevent discrimination in the employment, promotion, and discharge of public employees. Heck v. Hall, 238 Ala. 274, 190 So. 280 (1939). "Unclassified" and "exempt" civil servants are not subject to such examinations, and they serve at the pleasure of their appointing or electing authority. Generally those in the exempt service or the unclassified service are elected officials, officials chosen based on political patronage, and confidential employees.
The Governor and the current division chiefs argue that the language of the ADCA statute and the Merit System Act is ambiguous as to whether the position of division chief is a classified, an exempt, or an unclassified position. However, they conclude that the legislature intended for the division chiefs to be unclassified and not subject to the merit system. They argue that since the creation of ADECA, the division chiefs have been considered by ADECA officials to be in the unclassified service or the exempt service. They further argue that the settlement agreement purporting to place ADECA division chiefs in the classified service was illegal and, therefore, not binding.
We agree that the ADECA statute does not specifically place the division chiefs in either the exempt service or the "unclassified" service category, and we cannot say that the legislature intended for the division chiefs not to be subject to the merit system.
The legislature created ADECA in 1983, combining the following existing agencies and programs: the Office of State Planning and Federal Programs; the Alabama Department of Energy, the Alabama Law Enforcement Planning Agency; the Office of Highway and Traffic Safety; and the Office of Employment and Training. See § 41-23-2, Ala.Code 1975. Nowhere in the statute did the legislature specifically place division chiefs in either the exempt or the unclassified service. It is apparent that employees necessary to implement the duties of ADECA are subject to the merit system. § 41-23-2.
Section 36-26-10(b), a part of the Merit System Act, defines those officers in the exempt service. Section 36-26-10(c) defines those positions in the unclassified service. Section 36-26-10(d) states: "The classified service shall include all other officers and positions in the state service." In the definitional section of the Act, § 36-26-2, the "classified service" is defined as: "All offices or positions of trust or employment in the state service now or hereafter created except those placed in the unclassified service or exempt service by this article." Because the division chiefs were not placed in the exempt service or the unclassified service, the provisions of the Merit System Act compel us to conclude that the division chiefs are classified employees. Wyatt v. Bronner, 500 F.Supp. 817 (M.D.Ala.1980).
In Wyatt, the plaintiffs, one of whom was the deputy director, were employed by the Alabama Building Commission. From the outset of their employment, the plaintiffs were regarded as "unclassified" employees of the Commission. In fact, since 1945, the plaintiffs and the predecessors in their positions had been appointed and had worked outside the requirements of the merit system's hiring and firing procedures. Following their termination, the plaintiffs sued, alleging that they were "classified" employees under the Merit System Act and were entitled to the procedural protection afforded by the Fourteenth Amendment to the United States Constitution. The federal court held that nothing in the Merit System Act or in the act creating the Commission placed the plaintiffs in the unclassified or the exempt service. Therefore, the court held, based on § 36-26-10(d), the plaintiffs were classified employees and were therefore entitled to the type of hearing required by the Fourteenth Amendment. We agree with the federal district court's interpretation of Alabama law.
In Vaughn v. Shannon, 758 F.2d 1535 (11th Cir.1985), the United States Court of Appeals for the Eleventh Circuit held that *267 the plaintiff's job was exempt from the Merit System Act. The plaintiff, an employee of the Department of Mental Health, had relied on Wyatt in arguing that his position was "classified" and thus subject to the merit system. The plaintiff lost. The legislature, in creating the Department of Mental Health, had, by § 22-50-41, specifically left to the director of the Department the authority to determine which employee positions would be included in the merit system. Vaughn is easily distinguishable from this present case, because the legislature did not authorize the ADECA director to determine which employee positions at ADECA were subject to the merit system. Instead, the legislature made the employees of ADECA subject to the merit system.
The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature. Advertiser Co. v. Hobbie, 474 So.2d 93 (Ala.1985). When interpreting a statute, we must consider it as a whole and must construe it reasonably so as to harmonize all of its provisions. McRae v. Security Pacific Housing Services, Inc., 628 So.2d 429 (Ala.1993). In determining legislative intent, a court should examine related statutes. Dunn v. Alabama State University Bd. of Trustees, 628 So.2d 519 (Ala. 1993).
The nature of the responsibilities of an ADECA division chief also leads us to conclude that the legislature intended for the position to be in the classified service. The legislature created a merit system to protect certain civil servants from being dismissed as a result of their political affiliation every time a new administration was elected. Certain other positions, as to which confidentiality or political loyalty is necessary to the continued efficiency of the office, are not subject to the merit system. However, a division chief is not a policy-maker, nor is a division chiefs political affiliation necessary for continued efficiency in the job. Cf. Rutan v. Republican Party of Illinois, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990); Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); Elrod v. Burns, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).
An ADECA division chief is under the supervision of, and reports directly to, the director of ADECA. The division chief is not a policy-maker but, rather, implements goals and policies set by the director. Moreover, the promulgation of rules and regulations for ADECA is left solely to the director, not a division chief. § 41-23-6.
Accordingly, we conclude that the legislature intended that the ADECA division chiefs be subject to the merit system and that the settlement agreement to that effect is binding on the parties.
AFFIRMED.
ALMON and SHORES, JJ., concur.
HOUSTON and COOK, JJ., concur in the result.
HOOPER, C.J., and MADDOX and SEE, JJ., concur in part as to the rationale and dissent from the judgment.
LYONS, J., recuses himself.
HOOPER, Chief Justice (concurring in part as to the rationale and dissenting from the judgment).
I concur with Justice See. I add to his comments the observation that this judicial body is the highest judicial body of this State and that all its members have taken an oath to uphold the laws of our state. It is fundamental to a democratic society that the people's duly elected representatives enact the laws. The pivotal issue for this Court to determine is whether we will permit any Governor to undermine the laws, either by consenting to a judgment or by using any other means of changing the law that is outside the democratic processes of this State. I cannot, and will not, agree to such an undermining of the law. Clearly, the ADECA division chiefs are "unclassified" merit-system employees. To reach any other holding would appear to be contrary to the oath taken by the members of this judicial body. Such a result by-passes the lawful democratic processes of this State. Therefore, I concur with Justice See, and I reemphasize the duty of this Court to uphold the laws of this State and to maintain the integrity *268 upon which this judicial system is grounded.
SEE, Justice (concurring in part as to the rationale and dissenting from the judgment).
Although I concur with the portion of the main opinion's rationale that concludes that division chiefs of the Alabama Department of Economic and Community Affairs ("ADCA") are not "exempt" employees, I must respectfully dissent from the main opinion's conclusion that the division chiefs are "classified" merit-system employees. The Legislature has plainly provided that they are "unclassified" merit-system employees. Further, I conclude that no private settlement agreement can change a classification provided by statute.

I. The Statutory Framework
The Legislature has divided state employment positions into three categories: (1) exempt positions; (2) unclassified merit-system positions; and (3) classified merit-system positions. "Exempt" employees or officers are generally not subject to the pay-scale, promotion, and other rules applicable to meritsystem employees. Exempt employees include:
"(1) Officers elected by the vote of the people.
"(2) Officers and employees of the legislature.
"(3) All employees of a district attorney's office.
"(4) Members of boards and commissions, whether appointed or self-perpetuating, and heads of departments required by law to be appointed by the governor or by boards or commissions with the approval of the governor."
Ala.Code 1975, § 36-26-10(b) (emphasis added.) ADECA division chiefs are not exempt employees, because they are heads of "divisions," not "departments," and they are appointed by the "director of [the] department, with the approval of the governor," not by the Governor or by a board or commission. See Ala.Code 1975, § 41-23-5(a) ("All chiefs of divisions shall be appointed by the director of [ADECA], with the approval of the governor."). In addition, § 41-23-2 provides that ADECA employees shall be "subject to the provisions of the state merit system laws." Thus, ADECA division chiefs are not exempt from the merit system, but are either "classified" or "unclassified" merit-system employees.
Unclassified merit-system employees are subject to all merit-system rules except for the protections concerning "appointment and dismissal." Ala.Code 1975, § 36-26-10(f). "Unclassified" employees include "[a]ll employees of the governor's office not exempted." Ala.Code 1975, § 36-26-10(c)(2). "Classified" employees are subject to all of the pay-scale, promotion, appointment, and termination rules of the State. "Classified" employees include "all other officers and positions in the state service." Ala.Code 1975, § 36-26-10(d) (emphasis added).
Section 41-23-1 states that ADECA is "within the office of the governor and directly under his supervision and control." Accordingly, ADECA's division chiefs are "employees of the governor's office" and are "not exempted." Thus, under § 36-26-10(c)(2), ADECA's division chiefs are clearly "unclassified" merit-system employees.
The main opinion cites Wyatt v. Bronner, 500 F.Supp. 817 (M.D.Ala.1980), for the proposition that the plaintiff employees of the Alabama Building Commission were classified merit-system employees because "nothing in the Merit System Act or in the act creating the Alabama Building Commission placed the plaintiffs in the unclassified or the exempt service." 729 So.2d at 266. Despite the Alabama Building Commission's private listing of the employees on its payroll register as "exempt," the United States District Court for the Middle District of Alabama followed the statutory definitions in the Merit System Act and held that the plaintiffs were "classified" employees. Wyatt, 500 F.Supp. at 819-20. I agree.
Unlike the act creating the Alabama Building Commission, the act creating ADECA expressly provides that ADECA employees, who are not exempt, are "within the office of the governor and directly under his supervision and control." Ala.Code 1975, § 41-23-1. Further, the Merit System Act expressly provides that "employees of the governor's *269 office not exempted" are "unclassified" employees. Ala.Code 1975, § 36-26-10(c)(2). We must, of course, assume that the Legislature was aware of the Merit System Act's definitions of "exempt," "classified," and "unclassified" employees when it created ADCA and provided that ADECA's employees would be covered by the merit system. See Bedingfield v. Jefferson County, 527 So.2d 1270, 1272 (Ala.1988) ("It is a fundamental principle that the legislature, in enacting a statute, is presumed to have full knowledge and information on prior and existing law on the subject of the statute."); Ala.Code 1975, § 41-23-2 (providing that "employees necessary to implement the duties and functions of [ADECA] may be employed subject to the provisions of the state merit system laws and shall be entitled to the same rights and benefits thereunder"). Therefore, this Court should apply the Merit System Act and conclude that the ADECA division chiefs are unclassified merit-system employees.
Had the Legislature intended to specify that ADECA employees would be "classified" employees, it could have done so. It did not. See Ala.Code 1975, § 41-23-2. Had the Legislature intended to amend the definition of "unclassified" and "classified" employees to treat employees such as ADECA division chiefs as "classified" employees, it could have done so. It did not. See Ala.Code 1975, § 36-26-10. Nor should this Court, whose function is to interpret law, amend the Merit System Act by creating a judicial exception to it.[2]

II. The Settlement Agreement
The main opinion states that "the settlement agreement [between the former Governor and the plaintiffs] ... is binding on the parties" to the extent it is consistent with the Merit System Act. 729 So.2d 267. As I have demonstrated above, however, the settlement agreement is not consistent with the Merit System Act and, thus, cannot bind the State. Settlement agreements by state officers obligate state assets and state employees that are generally governed by Alabama law. To the extent such a private settlement agreement obligates state assets and employees in a manner inconsistent with state law, that agreement should be held invalid. See, e.g., Opinion of the Justices, 251 Ala. 91, 36 So.2d 475 (1948) (stating that a lease agreement obligating the State to pay moneys for more than one year was void because the agreement would conflict with § 213 of the Constitution of Alabama of 1901, which prohibits state debts); Stokes v. Moore, 262 Ala. 59, 64, 77 So.2d 331, 335 (1955) (holding that a contract calling for the issuance of an injunction if certain future events occur was invalid because it required the issuance of the injunction even if to issue an injunction would have been contrary to the opinion of the court).
As the main opinion points out, the United States Court of Appeals for the Eleventh Circuit held, in Vaughn v. Shannon, 758 F.2d 1535 (11th Cir.1985), that the director of the Alabama Department of Mental Health could determine whether employees of that Department were merit-system employees. Section 22-50-41 expressly provides that "[p]ersonnel policies may be established so as to include under the state merit system certain positions in the Department of Mental Health." The Eleventh Circuit determined that the Department of Mental Health had acted pursuant to the statute by internally providing that the plaintiffs were exempt employees. Vaughn, 758 F.2d at 1537.
Unlike the act that created the Department of Mental Health, the act that created ADECA does not delegate to the director of ADECA the power to determine the meritsystem classification of employees. Instead, it commands that employees hired by ADCA be employed "subject to the provisions of the state merit system laws." Ala.Code 1975, § 41-23-2.[3] The "state merit system *270 laws" clearly provide that ADECA division chiefs, who are in the Governor's office and who are not exempt department heads, are "unclassified" employees. See Ala.Code 1975, § 36-26-10(c)(2) (stating that "employees of the governor's office not exempted" are "unclassified" employees); Ala.Code 1975, § 41-23-1 (stating that ADECA is "within the office of the governor"); Ala. Code 1975, § 36-26-10(b) (stating that "exempt" employees include "heads of departments," not heads of "divisions"); Ala.Code 1975, § 41-23-5(a) (stating that ADECA division chiefs head "divisions," not "departments"). The Legislature, had it chosen to delegate the power to determine merit-system classification by private settlement agreement or otherwise, could have done so. See Ala.Code 1975, § 22-50-41 (delegating to the Department of Mental Health the power to determine the merit-system status of employees of that Department).[4] It did not.
Although the result for which the plaintiffs argue is not unreasonable, the method by which this result would be accomplished would endanger the constitutionally mandated process for making law. A private settlement agreement cannot displace statutes duly enacted by the Legislature. The concept of government by private agreement is wholly incompatible with our Constitution, which provides that the Legislature, to make law, must duly enact a bill and submit it to the Governor. Ala. Const.1901, § 61 ("No law shall be passed except by bill ...."); id. at § 125 ("Every bill which shall have passed both houses of the legislature ... shall be presented to the governor...."). To hold otherwise would invite the danger that men could enter into collusive settlement agreements for the purpose of draining the State's treasury, restricting the Governor's appointment power, or changing the composition of this Court. The Framers of our Constitution wisely preempted this possibility by dividing the legislative, executive, and judicial powers so that we may have "a government of laws and not of men." Ala. Const.1901, § 43.
HOOPER, C.J., and MADDOX, J., concur.
NOTES
[1] The state personnel director had intervened as a plaintiff.
[2] As Alexander Hamilton cautioned:

"The courts must declare the sense of the law; and if they should be disposed to exercise WILL instead of JUDGMENT, the consequence would be the substitution of their pleasure to that of the legislative body."
The Federalist No. 78, at 469 (Alexander Hamilton) (Clinton Rossiter ed., 1961).
[3] Ala.Code 1975, § 41-23-6, provides that "[t]he director of [ADECA] may prescribe ... reasonable rules and regulations for the conduct of its business." This provision does not purport to delegate to the director of ADECA the power to classify employees under the merit system.
[4] I note that Ala.Code 1975, § 36-26-10(e), provides:

"Except as to services denominated as exempt or unclassified services in subsections (b) and (c) of this section, the governor shall have the power by executive order to extend the provisions of this article to include additional positions or classes of positions."
Because § 36-26-10(c)(2) plainly provides that ADECA division chiefs are "unclassified" employees, they are not subject to an extension of the Merit System Act by executive order.